673 So.2d 946 (1996)
Pamela EAGLEMAN, Appellant,
v.
Atilla EAGLEMAN, Appellee.
No. 94-2685.
District Court of Appeal of Florida, Fourth District.
May 22, 1996.
*947 Brian D. Gurainick of David G. Eaton, P.A., West Palm Beach, for appellant.
Leonard I. Singer of Renick, Singer & Kamber, Lake Worth, for appellee.
PARIENTE, Judge.
This is an appeal of a post-judgment final order denying attorney's fees and costs to appellant/former wife, Pamela Eagleman (defendant), pursuant to section 768.79, Florida Statutes, 1993, commonly referred to as the "Offer of Judgment" statute. We affirm because we find no abuse of discretion in the trial court's finding that the offer of judgment was not made in good faith.
This case originated from a criminal charge of battery filed, or caused to be filed, against appellee, Atilla Eagleman (plaintiff), by defendant, his former wife, who alleged that he had stepped on her foot. Following a jury verdict of "not guilty," plaintiff filed this malicious prosecution action. He sought substantial actual damages for time spent away from his medical practice.
Simultaneously with her answer, and prior to any discovery to determine the validity of appellee's damage claim, defendant filed an offer of judgment for $100, which plaintiff did not accept. Following a three-day trial, the trial court declared a mistrial after the jury was deadlocked following seven hours of deliberations. The parties agreed that the jury was deadlocked, three in favor of plaintiff and three in favor of defendant. Subsequently plaintiff voluntarily dismissed his case with prejudice and defendant filed the motion for attorney's fees based on her $100 offer of judgment.
Section 768.79, Florida Statutes (1993), provides in pertinent part as follows:
(1) In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred by him... if the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer....
....
(7)(a) If a party is entitled to costs and fees pursuant to the provisions of this section, the court may, in its discretion, determine that an offer was not made in good faith. In such case, the court may disallow an award of costs and attorney's fees.
This statute was interpreted by this court in Schmidt v. Fortner, 629 So.2d 1036, 1040 (Fla. 4th DCA 1993), to mean "that the legislature has created a mandatory right to attorney's fees, if the statutory prerequisites have been met." Once the statutory prerequisites have been met, the only discretion afforded the trial court by section (7)(a) is the authority to disallow the attorney fee award when an offer is not made in "good faith." Id. at 1041. See also Dvorak v. TGI Friday's, Inc., 639 So.2d 58 (Fla. 4th DCA 1994), approved, 663 So.2d 606 (Fla.1995).
The spirit of the offer of judgment statute is to encourage litigants to resolve cases early to avoid incurring substantial amounts of court costs and attorney's fees. See Schmidt, 629 So.2d at 1039. It serves as a penalty for parties who fail to act reasonably and in good faith in settling lawsuits. See Goode v. Udhwani, 648 So.2d 247, 248 (Fla. 4th DCA 1994).
Explaining the good faith requirement further, this court stated in Schmidt:
We do not understand the good faith requirement of section 768.79(7)(a), however, *948 to demand that an offeror necessarily possess, at the time he makes an offer or demand under the statute, the kind or quantum of evidence needed to support a judgment. The obligation of good faith merely insists that the offeror have some reasonable foundation on which to base the offer.
629 So.2d at 1039.
Based on these principles, we do not find that the trial court abused its discretion. The trial judge, who presided over the trial, made detailed written and oral findings of fact after a hearing on the motion for attorney's fees. He concluded that defendant's nominal offer of judgment "was not based on any reasonable foundation, but was made merely to lay the predicate for a future award of attorney's fees and costs."
The offer bore no reasonable relationship to the amount of damages or realistic assessment of liability. It was instead based on defendant's unilateral belief and subjective determination, before discovery had commenced, that this was a case of no liability. See Stewart Select Cars, Inc. v. Moore, 619 So.2d 1037 (Fla. 4th DCA 1993), review denied, 632 So.2d 1027 (Fla.1994).
Despite defendant's subjective belief, this was a case of contested liability which pitted the credibility of the former wife against the former husband. The trial judge found defendant's testimony was "so riddled with inconsistencies that her credibility could well have been seen as suspect by a reasonable jury." This belief was apparently shared by three members of a six-member jury.
In cases where liability is reasonably and realistically disputed, the offer of judgment need not equate with the total amount of damages. The offer should bear a reasonable relationship both to the amount of damages and a realistic assessment of liability. For example, if the damages in a case have the potential for a verdict of $100,000 and the defendant has realistically and reasonably assessed the chances of the plaintiff prevailing at 25%, then a $25,000 offer might very well be a good faith offer.
Certainly the spirit of the offer of judgment statute is to encourage the parties to settle early. However, trial courts should view with considerable skepticism nominal offers which bear no reasonable relationship to damages and which are not founded upon a reasonable and realistic assessment of liability. Such nominal offers cannot advance the statutory purpose of encouraging settlement, but instead serve no purpose other than to lay a predicate for a subsequent award of attorney's fees as occurred here.
AFFIRMED.
SHAHOOD, J., and ZEIDWIG, HOWARD M., Associate Judge, concur.