715 So.2d 1079 (1998)
ALLSTATE INSURANCE COMPANY, Appellant/Cross-Appellee,
v.
Myrda MANASSE, Appellee/Cross-Appellant.
No. 94-2318.
District Court of Appeal of Florida, Fourth District.
August 12, 1998.
*1080 Michele I. Nelson of Paxton, Crow, Bragg, Smith & Keyser, P.A., West Palm Beach, for appellant/cross-appellee.
James P. Cooksey of Cooksey & Cooksey, P.A., Riviera Beach, for appellee/cross-appellant.
TAYLOR, Judge.
Upon mandate of the Supreme Court of Florida issued April 2, 1998, which quashes this court's opinion in Allstate Ins. Co. v. Manasse, 681 So.2d 779 (Fla. 4th DCA 1996), we adopt as the decision and opinion of this court the opinion of the Supreme Court of Florida, Allstate Ins. Co. v. Manasse, 707 So.2d 1110 (Fla.1998), and reinstate the judgment of the trial court. That opinion further requires us to consider the issue of attorney's fees, which we did not reach on the first appeal because of our reversal for a new trial. We now address this issue.[1]
Appellant/Cross-Appellee, Allstate Insurance Company (Allstate), argues that the trial court erred in determining that Allstate's offer of judgment was not made in good faith and denying its motion for attorney's fees and costs. We agree and reverse the trial court's order denying attorney's fees and costs to Allstate.
This case arose from an uninsured motorist claim. On March 11, 1994, pursuant to section 768.79, Florida Statutes (1993), Allstate made an Offer of Judgment to Appellee/Cross-Appellant Myrda Manasse (Manasse) in the amount of $4,001.00. Manasse rejected the offer. On April 27, 1994, a jury awarded Manasse $12,000 for future medical expenses and past pain and suffering. After application of a setoff for the tortfeasor's policy limits of $10,000, the amount of the verdict and subsequent judgment for Manasse was reduced to $2,000. Allstate moved for determination of entitlement to attorneys' fees and costs pursuant to its Offer of Judgment.
*1081 At the hearing on the motion for attorney's fees and costs, the trial court agreed with Allstate that it met the mathematical calculations for statutory entitlement to attorneys' fees, but directed Allstate to first explain why its offer made on March 11, 1994 should be considered a good faith offer. Allstate objected to being required to meet the initial burden of demonstrating good faith but, nevertheless, went forward and pointed out various factors establishing a reasonable basis for its offer. Among these were the timing of the offer (made after all discovery was completed), an IME finding of no permanent injury, a fully paid $10,000 tortfeasor setoff and the possibility that a jury issue would surface concerning a subsequent accident in which plaintiff was involved. Manasse countered with an enumeration of factors tending to demonstrate the reasonableness of Manasse's rejection of the offer i.e., an 18-year old female plaintiff with no prior accident, an impairment rating by her treating physician, an MRI determination of a disc herniation, and $1100 in property damage. In sum, Manasse argued that an offer for a total recovery of $14,000 under these circumstances, which were known at the time the offer was made, was not a good faith offer. The trial judge decided that, based upon his recollection of the trial and the state of the case on the date when the offer was made, the offer was not a good faith offer and disallowed the award of attorney's fees and costs.
In Schmidt v. Fortner, 629 So.2d 1036 (Fla. 4th DCA 1993), we held that under section 768.79, a party has the:
right to attorney's fees when the two preceding prerequisites have been fulfilled: i.e., (1) when a party has served a demand or offer for judgment, and (2) that party has recovered a judgment at least 25 percent more or less than the demand or offer. These are the only elements of the statutory entitlement. No other factor is relevant in determining the question of entitlement. The court is faced with a simple, arithmetic, calculation. How that entitlement gets translated into tangible attorney's fees is covered by the process of an "award."... [T]he right to an award turns only on the difference between the amount of a rejected offer and the amount of a later judgment. It does not depend on whether the offer or the rejection was reasonable ... [Subsection 7(a)] does indeed allow the court in its discretion to disallow an award of attorney's fees, but only if it determines that a qualifying offer "was not made in good faith."

Id. at 1040-41.
We restated our holding in Schmidt in deciding Dvorak v. TGI Friday's, Inc., 639 So.2d 58 (Fla. 4th DCA 1994), approved by, 663 So.2d 606 (Fla.1995). There, we stressed that "section 768.79 does not give the trial court discretion to deny attorney's fees, once the prerequisites of the statute have been fulfilled, except if the court determines under section 768.79(7)(a) that `an offer was not made in good faith.'" Dvorak, 639 So.2d at 59. In approving Dvorak, the supreme court also noted that "the district court correctly held that section 768.79 provides for the award of attorney's fees regardless of the reasonableness of an offeree's rejection of an offer of judgment." Dvorak, 663 So.2d at 611.
Essentially, Schmidt held that the "good faith" requirement merely "insists that the offeror have some reasonable foundation on which to base an offer." Schmidt, 629 So.2d at 1039. Once entitlement to fees is established, it is lost only if the offeree succeeds in persuading the trial court that the offeror acted without good faith. Thus, Schmidt interpreted the disallowance provision of subsection (7)(a) to mean that the burden is upon the offeree to prove that the offeror acted without good faith, explaining that:
Subsection (7)(a) begins with the words: "If a party is entitled to costs and fees pursuant to the provisions of this section* * *." The meaning of this introductory adverbial clause is clearly that a disallowance can be effected only upon someone who is already otherwise entitled to fees. By placing this disallowance provision in a separate subdivision from the award provision, we deduce that the legislature intended *1082 to place the burden on the offeree to prove the absence of good faith.
Id. at 1041 n. 6.
In the present case, Allstate argues that the trial court improperly placed the burden on Allstate to prove its good faith, instead of requiring Manasse to prove absence of good faith. Although it is true that the trial judge asked Allstate to first explain at the hearing why its offer was in good faith, it is clear from the transcript of the hearing that the court was not putting the burden on Allstate. This was not an evidentiary hearing, but rather a hearing at which the parties made their arguments based on the evidence at trial. The court was simply asking Allstate to make its argument first. Allstate did, in its argument, come forward with a reasonable explanation for its offer. On the other hand, Manasse did not establish that the offer was not in good faith. Rather, Manasse focused upon factors showing the reasonableness of her rejection of the offer of judgment. Such criteria, under section 768.79, bear more appropriately upon a consideration of the amount of fees awarded, rather than entitlement to fees. Schmidt, 629 So.2d at 1041-1042.
Moreover, Manasse was unable to show that the offer bore no reasonable relationship to the amount of damages or a realistic assessment of liability, or that Allstate lacked intent to settle the claim. See Eagleman v. Eagleman, 673 So.2d 946 (Fla. 4th DCA 1996).
Because we conclude that there was an insufficient basis for finding that the offer of judgment was not made in good faith, we reverse the order denying Allstate an award of attorney's fees and costs under section 768.79 and remand for a hearing to determine the amount of fees and costs to which Allstate is entitled.
Reversed and remanded.
KLEIN, J., and GENDEN, MICHAEL A., Associate Judge, concur.
NOTES
[1] Judge Taylor did not sit on the original panel for this appeal. However, she has had the benefit of the entire record on appeal, including transcripts of the proceedings below, the briefs of the parties, and oral argument tapes, and she has been otherwise fully advised of all matters pertinent to this appeal.