747 So.2d 1019 (1999)
DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, FLORIDA HIGHWAY PATROL, Appellant,
v.
Stephen WEINSTEIN, Appellee.
No. 99-700.
District Court of Appeal of Florida, Third District.
December 15, 1999.
Rehearing Denied January 12, 2000.
*1020 Becker & Poliakoff and Steven M. Davis, Fort Lauderdale, for appellant.
Gary E. Garbis, Miami, for appellee.
Before SCHWARTZ, C.J., and COPE and SHEVIN, JJ.
SCHWARTZ, Chief Judge.
After it won a jury verdict and resulting judgment in a personal injury action, the Florida Highway Patrol, the defendant below, applied for attorney's fees under section 768.79, Florida Statutes (1995), because the plaintiff had rejected a $1000.00 offer of judgment made soon after the case was filed. The trial judge denied relief on the ground that the offer had not been made "in good faith" within the meaning of the statute. We reverse.
In our judgment, although the offer was essentially nominal, the record demonstrates conclusively that, at the time it was made, "the [offeror] ... had a reasonable basis ... to conclude that [its] exposure was nominal."[emphasis supplied] Fox v. McCaw Cellular Communications, Inc., 745 So.2d 330, 333 (Fla. 4th DCA 1998). Specifically, the defendant could reasonably believe, as it stated it did believe, either because of a late notice which would have precluded relief under section 768.79, or because its investigation revealed substantial evidence that its trooper had not, as alleged, been guilty of any causative negligence, or both, that it was not liable at all, so that the case was worth no more than a nuisance amount to settle. This factual conclusionthat there was a "reasonable foundation," Eagleman v. Eagleman, 673 So.2d 946, 947 (Fla. 4th DCA 1996), or a "reasonable explanation," Allstate Ins. Co. v. Manasse, 715 So.2d 1079, 1082 (Fla. 4th DCA 1998), for the offer equates to the legal conclusion that it was made in good faith under the statute and thus that the appellant is entitled to fees. *1021 See Deltona House Rentals, Inc. v. Cloer, 734 So.2d 586 (Fla. 5th DCA 1999); Evans v. Piotraczk, 724 So.2d 1210 (Fla. 5th DCA 1998); Allstate Ins. Co. v. Silow, 714 So.2d 647 (Fla. 4th DCA 1998); Weesner v. United Servs. Auto. Ass'n, 711 So.2d 1192 (Fla. 5th DCA 1998), review denied, 727 So.2d 914 (Fla.1999); Eagleman v. Eagleman, 673 So.2d at 946; Schmidt v. Fortner, 629 So.2d 1036 (Fla. 4th DCA 1993); see also City of Neptune Beach v. Smith, 740 So.2d 25 (Fla. 1st DCA 1999); State Farm Mut. Auto. Ins. Co. v. Marko, 695 So.2d 874 (Fla. 2d DCA 1997); Peoples Gas Sys., Inc. v. Acme Gas Corp., 689 So.2d 292 (Fla. 3d DCA 1997); Lennar Corp. v. Muskat, 595 So.2d 968 (Fla. 3d DCA 1992), review denied, 606 So.2d 1165 (Fla.1992).
In respectively holding and arguing otherwise, the trial court and the appellee, relying mostly on language in Eagleman, that a "good faith" offer must be based on an objective assessment of the positions of both parties. We disagree. As the cited cases reflect, this, like every other issue of "good faith," is, by its very nature, determined by the subjective motivations and beliefs of the pertinent actor. As is true in this case, so long as the offeror has a basis in known or reasonably believed fact to conclude that the offer is justifiable, the "good faith" requirement has been satisfied. The holding of Eagleman, 673 So.2d at 946, that there was no reasonable foundation on which to base that offer, is not to the contrary. For the reasons we have indicated, however, we disagree with dicta which indicates the offer was invalid because it
bore no reasonable relationship to the amount of damages or realistic assessment of liability [and] was instead based on defendant's unilateral belief and subjective determination, before discovery had commenced, that this was a case of no liability. [emphasis supplied]
Eagleman, 673 So.2d at 948.
Our holding does not discount the likelihood that the plaintiff was justified in rejecting the offer. As he testified below:
I sustained six and seven vertebrae damage. I am considering an operation that will cost in excess of $30,000. I have sustained damages businesswise of over a quarter of a million dollars and I got an offer of $1,000.
However, although it is highly significant in determining the amount of fees to be awarded after remand, this consideration is irrelevant to the entitlement issue now before us. TGI Friday's, Inc. v. Dvorak, 663 So.2d 606 (Fla.1995); City of Neptune Beach v. Smith, 740 So.2d at 25.
The order denying fees is therefore reversed and the cause remanded with directions to make an appropriate award for the appellant's attorney's fees.
Reversed and remanded.