791 So.2d 1175 (2001)
Stephen A. LEVINE, PH.D., Nutricology and Nicholas Gonzalez, M.D., Appellants,
v.
Robert H. HARRIS, The Earth's Harvest, Inc., and Nutrisupplies, Inc., successor in interest to the rights of Robert H. Harris and The Earth's Harvest, Inc., Appellees.
No. 4D00-3745.
District Court of Appeal of Florida, Fourth District.
July 25, 2001.
Rehearing Denied August 29, 2001.
*1176 Rick Edwards of Rick Edwards, Inc., Los Angeles, CA, for Appellants Levine and Nutricology.
Eric C. Christu of Elk, Bankier, Palmer & Christu, Boca Raton, for Appellant Gonzalez.
Jack Scarola of Searcy Denney Scarola Barnhart & Shipley, P.A., and Edna L. Caruso of Caruso, Burlington, Bohn & Compiani, P.A., West Palm Beach, for appellees.
PER CURIAM.
Stephen Levine and Nutricology, Inc. (Appellants)[1] appeal from an order denying their motion for attorney's fees under the offer of judgment statute, section 768.79, Florida Statutes (1991). We reverse and remand.
This case arose from a contract entered into between Robert Harris and Dr. Nicholas Gonzalez, and the subsequent suit thereon filed by Harris, The Earth's Harvest, Inc. and Nutrisupplies, Inc. (Appellees) against Dr. Gonzalez and Appellants.
On February 24, 1993, Appellees filed the instant action against Dr. Gonzalez. On April 19, 1994, they filed their third amended complaint, in which Appellants were joined as defendants. The complaint asserted a claim for tortious interference with an advantageous business relationship against Dr. Gonzalez (count I), a tortious interference with a business contract claim against Appellants (count II), and a fraud claim against Dr. Gonzalez and Appellants (count III).
From the time the action was filed through 1997, there were motions to dismiss and hearings thereon, amendments to the initial complaint and the answers thereto, affidavits filed, various interrogatories and various documents produced during discovery. The parties also deposed Stephen Levine, Dr. Gonzalez and Don Hartman. Thereafter, on March 14, 1997, Appellants filed an offer of judgment of $500, pursuant to section 768.79, Florida Statutes (1991).
On May 26, 1998, the defendants filed a motion for summary judgment, which the trial court granted as to the fraud claim (count III). On August 27, 1999, the defendants filed a motion for summary judgment on counts I and II, arguing that the contract was unenforceable in Florida. Following a hearing, the court granted the motion for summary judgment finding that the relationship between Harris and Dr. Gonzalez was banned by the law and public policy of Florida. The summary judgment was affirmed on appeal. See Harris v. Gonzalez, 789 So.2d 405 (Fla. 4th DCA 2001).
On January 3, 2000, Appellants filed a motion for attorney's fees, pursuant to section 768.79, Florida Statutes (1991), alleging that they made an offer of judgment in the amount of $500 on March 14, 1997, which was rejected. Following a hearing on the motion, the trial court entered an order finding that the offer was not made in good faith and denying Appellant's motion for attorney's fees and costs. The trial court found as follows:

*1177 The Court has considered the testimony of Attorney Katzman who was brought in to [sic] the case, reviewed the records for Defendants and opined that the $500.00 offer in this case was a good faith offer. The Court has reviewed the time records to get a general idea of the point in the litigation where the offer was made. To the Court the more persuasive and convincing force and effect of the evidence presented and the procedural history of the case indicates that the offer of judgment for $500.00 was more an indication of Defendant's disdain for Plaintiffs and for Plaintiff's legal position and an effort to impose the threat of ultimate liability for attorney's fees than it was an offer made to actually attempt to settle the case. The $500.00 offer was the proverbial drop in the bucket. Thus the Court has determined that the offer was not made in good faith and that fees and costs should be disallowed.
(Emphasis added).
An award of attorney's fees pursuant to the offer of judgment statute is controlled by the version of the statute in effect when the cause of action arose, not when the offer was made. Metro. Dade County v. Jones Boatyard, Inc., 611 So.2d 512 (Fla.1993); Marcus v. Miller, 663 So.2d 1340 (Fla. 4th DCA 1995). Section 768.79, Florida Statutes (1991), provides in relevant part:
(1)In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred by her or him or on the defendant's behalf pursuant to a policy of liability insurance or other contract from the date of filing of the offer if the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer, and the court shall set off such costs and attorney's fees against the award. Where such costs and attorney's fees total more than the judgment, the court shall enter judgment for the defendant against the plaintiff for the amount of the costs and fees, less the amount of the plaintiff's award ...
. . .
(7)(a) If a party is entitled to costs and fees pursuant to the provisions of this section, the court may, in its discretion, determine that an offer was not made in good faith. In such case, the court may disallow an award of costs and attorney's fees.

(Emphasis added).
Under section 768.79, a party has the right to attorney's fees when the following prerequisites have been fulfilled: (1) a party has served a demand or offer for judgment and (2) that party has recovered a judgment at least twenty-five percent more or less than the demand or offer. Schmidt v. Fortner, 629 So.2d 1036, 1040 (Fla. 4th DCA 1993), approved by, TGI Friday's, Inc. v. Dvorak, 663 So.2d 606, 613 (Fla.1995). Whether the offeree unreasonably rejected the offer of judgment has no bearing on whether a party is entitled to attorneys' fees under the statute. Id. at 1038. The sole basis on which a court can disallow an entitlement to an award of fees is if it determines that a qualifying offer was not made in good faith. Id.
In this case, the parties do not dispute that Appellants are entitled to attorneys' fees. The issue is whether the trial court abused its discretion when it found that the $500 offer was not made in good faith. See Alexandre v. Meyer, 732 So.2d 44, 45 (Fla. 4th DCA 1999) (standard of review on a finding that an offer is not made in *1178 good faith is whether the trial court abused its discretion).
The burden is upon the offeree to prove that the offeror acted without good faith. Schmidt, 629 So.2d at 1041 n. 6. Appellees rely on this court's decision in Eagleman v. Eagleman, 673 So.2d 946, 1082 (Fla. 4th DCA 1996), when arguing that the $500 offer was not made in good faith, because it was not made with the intent to settle the case and was not reasonably related to the amount of damages or potential liability.
However, in Fox v. McCaw Cellular Communications of Florida, Inc., 745 So.2d 330 (Fla. 4th DCA 1998), this court explained:

Eagleman merely holds that nominal offers are suspect where they are not based on any assessment of liability and damages. When a nominal offer is not based on an evaluation of potential liability and damages, the offer raises a question as to the intentions of the offeror. In that circumstance, Eagleman holds that an issue of good faith arises for resolution by the trial court.
Id. at 332-33. This court emphasized that "nominal offers of judgment are not alone determinative of bad faith." Id. at 333. This court went on to stress:
[T]he question of good faith in making an offer under section 768.79 involves an inquiry into the circumstances shown by the entire record of the case. Each case requires its own analysis, and must be considered on its own facts. Whether an offer was made in bad faith involves a matter of discretion reposed in the trial judge to be determined from the facts and circumstances surrounding the offer. That determination is not controlled by a legal imperative requiring a finding of bad faith merely because the offer was nominal. Some nominal offers will have been made in good faith; some not so. The trial judge will have to consider all the surrounding circumstances when the offer was made.
Id.
In explaining the "good faith" requirement, this court stated in Schmidt:
We do not understand the good faith requirement of section 768.79(7)(a), however, to demand that an offeror necessarily possess, at the time he makes an offer or demand under the statute, the kind or quantum of evidence needed to support a judgment. The obligation of good faith merely insists that the offeror have some reasonable foundation on which to base the offer.

Schmidt, 629 So.2d at 1039 (emphasis added). The common thread running through decisions where nominal offers were made in good faith is that "the offerors had a reasonable basis at the time of the offer to conclude that their exposure was nominal." Fox, 745 So.2d at 333.
A mere belief that the figure offered or demanded will not be accepted does not necessarily suggest an absence of good faith, where the offeror fully intends to conclude a settlement if the offer is accepted as made, and the amount of the offer is not so widely inconsistent with the known facts of the case as to suggest on its face the sole purpose of creating a right to fees if it is not accepted. Schmidt, 629 So.2d at 1040 n. 5. As the third district has recognized:
The creation of the right to attorney's fees is the reason, or among the reasons, why any litigant makes an offer under section 768.79. It is the carrot held out by the statute to encourage early settlements. If we were to conclude that it is bad faith to utilize section 768.79 to obtain the right to attorney's fees, then the legislative inducement, the reason section *1179 768.79 exists, disappears into a judicial black hole.
Lieff v. Sandoval, 726 So.2d 335, 336 (Fla. 3d DCA 1999). See also Wagner v. Brandeberry, 761 So.2d 443, 446 (Fla. 2d DCA 2000)(whether an offer is made in good faith turns on whether the offeror had a reasonable foundation upon which to make his offer and made it with the intent to settle the claim against the offeree should the offer be accepted); Dep't of Highway Safety & Motor Vehicles, Fla. Highway Patrol v. Weinstein, 747 So.2d 1019, 1020 (Fla. 3d DCA 1999).
A review of the record reflects that Appellants had a reasonable foundation upon which to make a $500 offer despite the trial judge labeling it "the proverbial drop in the bucket." Notably, Steven Katz, who was the only expert to testify at the hearing, other than attorneys for the parties, opined that at the time the offer was made there was a high likelihood that Appellants would prevail. Ultimately, summary judgment was granted in Appellant's favor on each claim in the complaint. Moreover, there was no evidence that Appellants would not have in fact settled for the offered amount.
Under these circumstances, the trial court abused its discretion when it found that the $500 offer of judgment was not made in good faith. Accordingly, the case is reversed and remanded for the trial court to determine the amount of reasonable attorney's fees.
Reversed and remanded.
GUNTHER, FARMER and HAZOURI, JJ., concur.
NOTES
[1] Although Dr. Gonzalez joined in the appeal, he did not file an offer of judgment.