[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 4, 2006
THOMAS K. KAHN
CLERK

No. 05-14585
Non-Argument Calendar

_____

D. C. Docket No. 03-00180-CV-J-25TEM

JEROLD EVANS,

Plaintiff-Appellant,

versus

GEORGIA PACIFIC, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(April 4. 2006)**

Before CARNES, PRYOR and RONEY, Circuit Judges.

PER CURIAM:

Plaintiff Jerold Evans appeals the district court's grant of summary

judgment to defendant Georgia Pacific, Inc. on his claim for malicious prosecution

under Florida law. Georgia Pacific moves for appellate attorneys' fees and

expenses, to which Evans has not responded. We: (1) affirm the grant of summary

judgment to Georgia Pacific; (2) grant in part Georgia Pacific's "Motion for Just Damages and Costs," requesting appellate attorneys' fees and expenses; and (3) remand to the district court for a determination of an appropriate amount.

This case stems from a June 2, 2000 police report filed by a trucking company, stating that one of its trailers loaded with logs had been stolen from its Hawthorne, Florida plant earlier that day. A few days later, Putnam County Sheriff's Office Detective Michael Soles went to Georgia Pacific's plant to investigate the crime, where he spoke with John Anderson, a Georgia Pacific employee. During that conversation, as well as in a written statement, Anderson identified plaintiff Jerold Evans, a truck driver, as the person who had delivered the stolen logs on June 2. After an investigation by Detective Soles, Evans was arrested for grand theft. During interrogation, Evans denied being present at the plant on June 2, which contradicted other witnesses who had stated that Evans delivered a load of lumber to the plant that day. As a result, Georgia Pacific posted a picture of Evans at its plant, resulting in Evans not receiving any truck delivery assignments from that location.

Evans was formally charged by information with grand theft by the State Attorney's Office on August 28, 2000. On March 21, 2001, however, the State Attorney's office dropped the charges after determining that Evans did not commit

the charged grand theft, although Detective Soles says that he still believes that Evans was the individual who committed the grand theft.

Evans filed a defamation law suit in Florida state court against Georgia Pacific on December 31, 2002, which was removed to federal court on diversity grounds. The district court dismissed the defamation lawsuit as time-barred on January 16, 2004, but granted leave for Evans to amend the complaint to include a malicious prosecution claim.

On June 16, 2004, Evans filed a second amended complaint alleging that Georgia Pacific was vicariously liable for the acts of its employee, John Anderson, who had identified Evans as the driver of the truck that had delivered stolen logs to its plant. Specifically, the complaint asserted that the "prosecution [] resulting from Defendant's false allegation against [him] was commenced and continued by said Defendant from malice towards Plaintiff and to wrong and injure him and that Defendant well knew, or should have known, that the prosecution of Plaintiff was false and groundless, and without probable cause."

## Malicious Prosecution

On January 26, 2005, the district court granted summary judgment to Georgia Pacific on the ground that Evans had failed to set forth a *prima facie* case for malicious prosecution under Florida law. After reviewing the convoluted

procedural history in this Court, we hold that we have jurisdiction to review Evans' August 16, 2005 notice of appeal requesting review of the district court's grant of summary judgment, as well its denial of the motion for reconsideration. *See Williams v. Bolger*, 633 F.2d 410, 413 (5th Cir. 1980); *see also* Fed. R. App. P. 4(a).

In order to set forth a *prima facie* claim for malicious prosecution in Florida, the plaintiff must prove: (1) the commencement or continuance of an original criminal or civil judicial proceeding; (2) its legal causation by the present defendant who was the defendant in the original proceeding; (3) its *bona fide* termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) the presence of malice therein; and (6) damages conforming to legal standards resulting to plaintiff. *See Jones v. State Farm Mut. Auto. Ins. Co.*, 578 So. 2d 783, 785 (Fla. 1st DCA 1991).

Evans has failed to show both the absence of probable cause, as well as the presence of malice on the part of Anderson or Georgia Pacific. In fact, Evans testified that he was unaware of any reason why Anderson would falsely identify him to Detective Soles and gave no reason for lying to Detective Soles about being present on June 2, 2000 at the Georgia Pacific plant, despite other witnesses corroborating that he indeed had been there to drop off a shipment of logs.

Instead, Anderson responded to an inquiry made by Detective Soles about a stolen truck containing logs. Anderson stated that he had believed Evans was the individual who had delivered logs to the plant on June 2. Detective Soles subsequently investigated the claim, identifying other witnesses to corroborate that Evans had indeed been at the plant on June 2. This supported the detective's belief that Evans had been untruthful about his whereabouts that day. Although the State Attorney's Office ultimately dropped the charges approximately six months later, Evans has presented no evidence to raise a genuine issue of material fact that there was a lack of probable cause to initially move forward with this case *or* that Anderson maliciously set forth to falsely accuse him of the charged offense. *See Burger v. Time Ins. Co., Inc.*, 162 F.3d 1111, 1112-13 (11th Cir. 1998) (affirming granting of summary judgment on Florida malicious prosecution claim for failure to set forth a *prima facie* case, noting a malicious prosecution claim does not lie "if the defendant merely gives a statement to the proper authorities, leaving the decision to prosecute entirely to the uncontrolled discretion of the officer").

### Attorneys' Fees and Costs in the District Court

On February 10, Georgia Pacific filed a Bill of Costs for $2,517.05 and a Motion for Attorney's Fees and Related Non-Taxable Expenses, pursuant to

Florida Statute § 768.79, in the amount of $65,426.98. On July 26, the district court granted *in part* Georgia Pacific's motion for attorneys' fees and expenses, awarding Georgia Pacific $23,324.94. The district court held that "this case did not involve either a close call regarding an interpretation of the law or facts" but "that the number of hours expended by the legal professionals in this case . . . was excessive."

Although Evans fails to raise any argument in his initial brief as to the correctness of the district court's award of attorneys' fees and costs, which would waive the issue in this Court, *see Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004), we note that even if the issue was properly raised to this Court it would nonetheless be due to be affirmed. Evans did not object to Georgia Pacific's motion for attorneys' fees and expenses in the district court, and there is no record evidence the district court abused its discretion in making that award.

### Appellee's Pending "Motion for Just Damages and Costs"

As to Georgia Pacific's pending "Motion for Just Damages and Costs" – to which Evans has offered no response – we first note that the district court succinctly characterized this case as *not* a "close call regarding an interpretation of the law or facts" in its order granting attorneys' fees and expenses to Georgia

Pacific.  It likewise is not a close call here on appeal and is frivolous.  *See Allstate Ins. Co. v. Int'l Shipping Corp.*, 703 F.2d 497, 499 (11th Cir. 1983) (citing Fed. R. App. P. 38).

We therefore grant in part Georgia Pacific's motion for appellate attorneys' fees and expenses.  We express no opinion as to the reasonableness of the $20,561 in appellate attorneys' fees and $384.93 expenses requested by Georgia Pacific but instead leave it for the district court's determination on remand.

We **AFFIRM** the district court's grant of summary judgment to Georgia Pacific and the award of attorneys' fees and costs in the district court.  We **GRANT IN PART** Appellee's November 3, 2005 "Motion for Just Cause and Damages" and **REMAND** with instructions to determine an appropriate award of appellate attorneys' fees and expenses.  **REMANDED** to the district court for proceedings consistent with this opinion.