**Rodney JAMES, and all others similarly situated, Plaintiff,**

v.

**WASH DEPOT HOLDINGS, INC., Defendant.**

**No. 05–60822CIV.**

United States District Court, S.D. Florida.

May 14, 2007.

---

See, also, 2007 WL 1423762.

Chris Kleppin, Glasser Boreth Ceasar & Kleppin, Plantation, FL, for Plaintiff.

Peter Wolfson Zinober, Shane T. Munoz, Jaimi Lamb Kerr, Zinober & McCrea, Tampa, FL, for Defendant.

### ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEYS FEES

DIMITROULEAS, District Judge.

THIS CAUSE comes before the Court upon Defendants Wash Depot Holding's

Inc. and Wash Depot XV, Inc.'s, Amended Motion for Attorney's Fees [DE 168]. The Court has carefully considered the Motion [DE 168], Plaintiff Rodney James' Response to Defendants' Amended Motion [DE 173], Defendants' Original Motion For Attorneys' Fees [DE 138], Plaintiff's Response [DE 146], Defendants' Reply [DE 154], Plaintiff's Memorandum Regarding the Reasonableness of Attorneys Fees [DE 192]. Defendants' Memorandum Regarding Reasonableness of Attorneys' Fees Request [DE 193], the parties affidavits and exhibits and is otherwise fully advised in the premises.

## I. *BACKGROUND*

In his underlying lawsuit, Plaintiff, Rodney James ("James") asserted claims of: (1) race discrimination under the Florida Civil Rights Act ("FCRA"); (2) retaliation under the FCRA, for alleged complaints of race discrimination; (3) retaliation under the Fair Labor Standards Act ("FLSA"), for alleged complaints about his pay; (4) retaliation under the Florida Whistleblower Act ("FWA"), for alleged complaints about discrimination, his pay, and the alleged hiring of illegal workers; (5) failure to pay minimum wage under the FLSA; and (6) failure to pay overtime under the FLSA. In his Rule 26 disclosures. Plaintiff calculated he had suffered more than $600,000 in damages.

On November 21, 2006 this Court entered an Order granting Summary Judgment in favor of Defendants with respect to all of the Plaintiff's claims except the minimum wage and overtime claims under the FLSA [DE 102]. The two FLSA claims proceeded to trial. After a three-day jury trial the jury found in favor of Wash Depot Holdings Inc. with respect to the minimum wage claim and in favor of James on the overtime claim. The jury awarded James $1,746.81 in damages. After liquidating damages. Plaintiff's total judgment in the matter was $3,493.62.

In the instant motion, Defendants Wash Depot Holdings, Inc., and Wash Depot XV request attorneys fees in the amount of $299,227.00. Defendants claim that they are entitled to attorneys fees for two reasons: first, as a prevailing party on its FWA claim under Florida Statute § 448,104 and second, under Florida Statute § 768,79 because Plaintiff refused Defendants' good faith offer of settlement for $10,000 made on October 12, 2006.

## II. *DISCUSSION*

 Despite the fact that when a federal court applies a federal fee shifting statutes it is generally difficult for a prevailing defendant to recover attorneys' fees, *see Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 422, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978) ("a plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so."), "[i]n a diversity action, the court looks to the substantive law which creates the cause of action, in this case Florida law, to determine if costs include attorney's fees." *Tanker Mgmt., Inc. v. Brunson,* 918 F.2d 1524, 1527 (11th Cir.1990). Thus, Florida law governs whether Defendants may recover attorneys fees or not. Under Florida Statute § 448,104 a prevailing party on a FWA claim may recover its reasonable attorneys' fees and costs. Likewise, pursuant to Florida Statute § 768,79 a defendant is entitled to recover fees from the date of the service of an offer of judgment, made in good faith, if the judgment obtained "is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer." Fla. Stat. § 768,79(1). The Court shall examine Defendants' claim of attorneys fees under each of these provisions.

### a. Attorneys fees under Fla. Stat § 448,104

 Under Florida Statute § 448,104, a "court may award reasonable attorney's fees, court costs, and expenses to the prevailing party." Fla. Stat. § 448,104. The statute itself makes no distinction between a prevailing plaintiff and a prevailing defendant. In *New World Communications of Tampa, Inc. v. Akre*, the Florida Second District Court of Appeals held that the *Christianburg* standard did not apply to § 448,104 and a prevailing defendant need not show that a plaintiff's case was frivolous in order to recover attorneys fees. 866 So.2d 1231, 1235–36 (Fla. 2d DCA 2003).[1] However, the trial court has discretion in deciding whether or not to award attorneys fees under § 448,104. *Id.* at 1235. The Eleventh Circuit has held that "the fact that a losing party has acted in good faith or that his legal position had arguable merit will justify an exercise of the district court's discretion in deciding not to award attorney's fees." *Sherry Mfg. Co. v. Towel King of Fla.*, 822 F.2d 1031, 1034 (11th Cir.1987).

 Accordingly, because the Court finds that, while the Plaintiff did fail to state a *prima facie* case on his FWA charge, there is no evidence to suggest that Plaintiff acted in anything other than good faith in bringing the FWA charge and his legal position had arguable merit, especially considering that he succeeded in establishing an underlying violation of the law by prevailing on his FLSA overtime claim. Accordingly, the Court finds that under the facts and circumstances of this case, because the Plaintiff acted in good faith and his legal claim had arguable merit, the Court will exercise its discretion to decline to award attorneys fees under § 448,101.

### b. Attorneys Fees under Fla. Stat § 768,79

██ Florida Statute § 768,79(1) reads:

(1) In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred by her or him or on the defendant's behalf pursuant to a policy of liability insurance or other contract from the date of filing of the offer if the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer...

Fla. Stat. § 768,79(1).[2] The Florida state

---

1. The Eleventh Circuit has held that "the rule is that, absent a decision from the state supreme court on an issue of state law, we are bound to follow decisions of the state's intermediate appellate courts unless there is some persuasive indication that the highest court of the state would decide the issue differently." *McMahan v. Toto*, 311 F.3d 1077, 1080 (11th Cir.2002).

2. While the Plaintiff claims that § 768,79 does not apply in Federal Court, the case law is decidedly to the contrary. *See e.g., Evans v. Georgia Pac., Inc.*, 174 Fed.Appx. 516, 518 (11th Cir.2006) (affirming fee award under § 768,79); *McMahan v. Toto*, 311 F.3d 1077 (11th Cir.2002) (allowing fee award under § 768,79). Neither of the cases cited by Plaintiff involve the situation at hand where

the District Court is sitting in diversity and applying state substantive law. Accordingly, *Garan Inc. v. M/V AIVIK*, 907 F.Supp. 397, 399 (S.D.Fla.1995) (holding that the state offer of judgment statute was inapplicable when it conflicted with the general admiralty law) and *Young v. New Process Steel, LP*, 419 F.3d 1201 (11th Cir.2005) (holding that Federal Rule of Appellate Procedure 7 cannot by-pass the *Christiansburg* doctrine) are inapposite because both cases involved substantive questions of federal law rather than state law. In this case, because substantive state law applies, the Court looks to the state law on the issue of attorneys fees as well. *Tanker Mgmt.*, 918 F.2d at 1527. In addition, because the Court finds that an award of fees to the defendant is inappropriate under the circumstances of this case, the Court need not ad-

courts have held that "[t]he statute creates a mandatory right to attorney's fees when the statutory 'prerequisites have been fulfilled: i.e., (1) when a party has served a demand or offer for judgment,[3] and (2) that party has recovered a judgment at least 25 percent more or less than the demand or offer.'" *Jordan v. Food Lion, Inc.,* 670 So.2d 138, 140 (Fla. 2nd DCA 1996) (quoting *TGI Friday's, Inc. v. Dvorak,* 663 So.2d 606, 611 (Fla.1995)). Accordingly, the court has very limited discretion to deny attorneys fees after the above criteria are met. "The only basis to disallow an award of attorney's fees is if the court determines the qualifying offer was not made in good faith." *Id.; see also McMahan v. Toto,* 311 F.3d 1077, 1083 (11th Cir.2002).

On October 12, 2006 the Defendants made an offer of settlement to James to settle all of his claims for $10,000 [DE 138–8]. Accordingly, the Defendants here have likely met the two prerequisites of the statute. The offer of settlement was served on the opposing party and the judgment returned was more than 25% below the offer of judgment of $10,000.[4] Therefore the only issue remaining is whether the offer was made in good faith. The Florida state courts have held that a good faith offer must bear a reasonable relationship to damages and be founded on a realistic assessment of the potential liability. *Eagleman v. Eagleman,* 673 So.2d 946, 948 (Fla. 4th DCA 1996). "The spirit of the offer of judgment statute is to encourage litigants to resolve cases early to

avoid incurring substantial amounts of court costs and attorney's fees. It serves as a penalty for parties who fail to act reasonably and in good faith in settling lawsuits." *Id.* at 947 (internal citations omitted). The point of the statute is not to force plaintiffs into accepting unreasonable offers for fear of having to pay defendants' attorneys fees should they refuse and ultimately obtain a lesser judgment. As one District Court has held, "an offer of judgment or offer of settlement or the same thing by another name ought to be more than a carefully crafted, cleverly calculated, and disingenuous attempt to shift the economic burden of litigation." *Stouffer Hotel v. Teachers Ins.,* 944 F.Supp. 874, 875 (M.D.Fla.1995).

In this case, Defendants served their offer of judgment on the Plaintiff on October 12, 2006. At this point in the case, the parties had already engaged in substantial discovery, including numerous depositions, and opposing motions for summary judgment had been fully briefed. The offer of judgment amounted to $10,000 and specified that the offer was "being made to resolve all of plaintiff's claims in the above-captioned matter, including but not limited to plaintiff's claims for damages that may be awarded in a final judgment, interest, attorneys' fees, accrued costs, punitive damages and injunctive relief, and including all claims against both defendants."

In their Motion for Attorneys Fees, the Defendant focuses on James' unsuccessful

---

dress any potential conflict between § 768,79 and the attorneys' fees provisions of the FLSA.

**3.** While the language of the statute states that the statute is triggered upon the "date of filing of the offer," the Florida state courts have determined that the statute is actually triggered at the time the offer is served. *Jordan,* 670 So.2d at 141–42.

**4.** The parties did not address the Defendants failure to segregate the offer of judgment between the federal FLSA claims and the state law discrimination and retaliation claims nor the interaction of the FLSA and the state offer of judgment statute. Because the Court finds that even if the state law offer of judgment statute applied to the FLSA claims the offer of settlement was unreasonable, the Court finds no occasion to address this issue.

 

state law claims. However, the offer of judgment was directed not only at the retaliation and discrimination claims, but also at the Plaintiff's FLSA claims, one of which was ultimately successful. The Court finds that the Defendants' offer of $10,000 was not reasonable and in good faith when the Defendant faced a reasonable likelihood of liability on the FLSA claims. This decision is not just informed by this Court's Monday morning quarterbacking because the Plaintiff ultimately succeeded. A fair evaluation of the claims would have revealed to the Defendant that there was at least a reasonable likelihood of success on the FLSA claims because they employer had failed to adequately keep employee time records as required by the statute. The FLSA is a fee-shifting statute, and a prevailing plaintiff is entitled to reasonable attorneys fees. Because in this case, the Plaintiff and his attorney had already expended numerous hours litigating this case and had a reasonable likelihood of success on the FLSA claims, the Court finds that the Defendants' offer of a mere $10,000 in both damages and fees, where their potential liability at that point including attorneys fees was well into the hundreds of thousands, was unreasonable and not in good faith. *See Stewart Select Cars, Inc. v. Moore,* 619 So.2d 1037 (Fla. 4th DCA 1993) (holding that a $10,000 offer of judgment was unreasonable where the plaintiff's attorney had already expended at least 80 hours of work on claims that had a reasonable likelihood of success (as evidenced by an eventual judgment for the plaintiff) because it would not account for attorneys fees). It is not enough that a defendant's offer of judgment be based on its own unilateral belief and subjective determination that it is not liable. *Eagleman,* 673 So.2d at 948. As the court in *Eagleman* held, "trial courts should view with considerable skepticism nominal offers which bear no reasonable relationship to damages and which are not founded upon a reasonable and realistic assessment of liability. Such nominal offers cannot advance the statutory purpose of encouraging settlement, but instead serve no purpose other than to lay a predicate for a subsequent award of attorney's fees as occurred here." *Id.* Because the Court finds that the Defendants' offer of judgment was unreasonable and not in good faith, an award of fees to the Defendants is inappropriate under the facts and circumstances of this case.

## III. CONCLUSION

For the foregoing reasons, it is **OR-DERED AND ADJUDGED** that Defendant Wash Depot Holding's Inc. And Wash Depot XV, Inc.'s, Amended Motion for Attorney's Fees [DE 168] is hereby **DE-NIED.**