# Third District Court of Appeal

## State of Florida

Opinion filed February 14, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-2243
Lower Tribunal No. 13-886-K
_____

**Mount Vernon Fire Insurance Company,**
Appellant,

vs.

**New Moon Management, Inc., a/k/a New Moon Management Company,**
Appellee.

An Appeal from the Circuit Court for Monroe County, Mark H. Jones, Judge.

Fowler White Burnett, P.A., and Esther E. Galicia, for appellant.

Garcia Law Firm, Trial Attorneys, and Nathalia A. Mellies, for appellee.

Before ROTHENBERG, C.J., and EMAS and LUCK, JJ.

ROTHENBERG, C.J.

The defendant below, Mount Vernon Fire Insurance Company ("Mount

Vernon"), appeals the denial of its amended motion for entitlement to attorney's fees and costs ("amended motion for entitlement") filed pursuant to section 768.79, Florida Statutes (2015), and Florida Rule of Civil Procedure 1.442, which was based on the trial court's finding that Mount Vernon's nominal proposal for settlement to its insured, New Moon Management, Inc., etc. ("New Moon"), was not made in good faith. Because we conclude that the trial court abused its discretion by finding that Mount Vernon's proposal for settlement was not made in good faith, see State Farm Fla. Ins. Co. v. Laughlin-Alfonso, 118 So. 3d 314, 315 (Fla. 3d DCA 2013) ("The abuse of discretion standard of review governs this Court's review of a trial court's determination that a proposal for settlement was not made in good faith."), we reverse the order under review and remand for the entry of an order granting Mount Vernon's amended motion for entitlement.

Mount Vernon issued a commercial property and general liability policy to New Moon. Following heavy rains in August 2008, New Moon filed a claim under the policy for water damage. Later that year, after obtaining a roof damage report from a structural engineer, Mount Vernon denied the claim based on exclusions and limitations in the insurance policy.

In August 2013, New Moon filed a complaint against Mount Vernon, asserting claims for breach of the insurance contract and bad faith. After nearly two years of extensive discovery, on July 2, 2015, Mount Vernon served a nominal

2

proposal for settlement ($1,000) on New Moon pursuant to rule 1.442 and section 768.79.

Within a week of serving its proposal for settlement, Mount Vernon filed a motion for final summary judgment, asserting that the damage was not covered under the terms of the policy. Following a hearing, the trial court granted Mount Vernon's motion for summary judgment. Thereafter, the trial court entered final summary judgment in favor of Mount Vernon and denied New Moon's motion for rehearing and motion for relief from judgment.[1]

Pursuant to rule 1.442 and section 768.79, Mount Vernon filed its amended motion for entitlement based on New Moon's failure to accept Mount Vernon's proposal for settlement. In response, New Moon argued that the nominal proposal for settlement was not made in good faith because Mount Vernon did not have a reasonable basis to offer the nominal amount.

At the hearing on the amended motion for entitlement, Mount Vernon argued that it submitted its proposal for settlement following extensive discovery and the taking of several depositions and, at the time it submitted its proposal for settlement, the record reflected that there were no issues of material fact and that Mount Vernon had a reasonable basis to conclude that it had "no exposure, let

---

[1] New Moon appealed these orders, and this Court affirmed. See New Moon Mgmt., Inc. v. Mount Vernon Fire Ins. Co., 3D16-2242 (Fla. 3d DCA Dec. 27, 2017).

3

alone nominal exposure." The trial court reserved ruling. Thereafter, the trial court entered an order denying Mount Vernon's amended motion for entitlement, finding that Mount Vernon's nominal proposal for settlement was not made in good faith. See § 768.79(7)(a), Fla. Stat. (2015) ("If a party is entitled to costs and fees pursuant to the provisions of this section, the court may, in its discretion, determine that an offer was not made in good faith. In such case, the court may disallow an award of costs and attorney's fees."). Mount Vernon's appeal followed.

Mount Vernon contends that the trial court abused its discretion by determining that the nominal proposal for settlement was not made in good faith. We agree.

In addressing whether the trial court abused its discretion by finding that Mount Vernon's nominal proposal for settlement was not was made in good faith, we must consider whether Mount Vernon "had a reasonable basis at the time of the offer to conclude that [its] exposure was nominal." Fox v. McCaw Cellular Commc'ns of Fla., Inc., 745 So. 2d 330, 333 (Fla. 4th DCA 1998); see also Dep't of Highway Safety & Motor Vehicles, Fla. Highway Patrol v. Weinstein, 747 So. 2d 1019, 1021 (Fla. 3d DCA 1999) (reversing the trial court's denial of attorney's fees, which were sought under section 768.79, where the record conclusively demonstrates that, at the time the nominal proposal for settlement was made, the

offeror had a reasonable basis to conclude that its exposure was nominal). Further, we recognize that good faith is "determined by the subjective motivations and beliefs of the pertinent actor." Weinstein, 747 So. 2d at 1021.

In the instant case, the record reflects that Mount Vernon made its proposal for settlement following almost two years of litigation and extensive discovery. Further, less than a week after making its proposal for settlement, Mount Vernon moved for summary judgment, and in doing so, relied heavily on the investigation report issued by its claim administrator in October 2008, the roof damage report issued by structural engineers in November 2008, and the exclusions and limitations contained in the policy. Thus, the record conclusively demonstrates that Mount Vernon "had a reasonable basis at the time of the offer to conclude that [its] exposure was nominal." Fox, 745 So. 2d at 333. Accordingly, we conclude that the trial court abused its discretion by denying Mount Vernon's amended motion for entitlement based on the determination that the nominal proposal for settlement was not made in good faith. We, therefore, reverse the order under review and remand for the entry of an order granting Mount Vernon's amended motion for entitlement.[2]

_____

[2] In its answer brief, New Moon also argued that the trial court's order denying Mount Vernon's amended motion for entitlement should be affirmed because there was an ambiguity in the proposal for settlement, thereby defeating its enforcement. As New Moon did not raise this argument in the lower tribunal, the argument was not properly preserved for appellate review. We have, therefore, not addressed this argument on appeal.

Reversed and remanded.