740 So.2d 25 (1999)
CITY OF NEPTUNE BEACH, Appellant,
v.
Janice M. SMITH and Darrell G. Smith, Appellees.
No. 98-2423.
District Court of Appeal of Florida, First District.
March 26, 1999.
*26 Alan K. Ragan of Marks, Gray, Conroy & Gibbs, P.A., Jacksonville, for Appellant.
Natalie A. Nice and Michael E. Seelie of Seelie and Doolittle, P.A., Jacksonville, for Appellees.
ALLEN, J.
The appellant challenges an order by which its motion for attorney's fees pursuant to section 768.79, Florida Statutes, was denied following a defense verdict of no liability in favor of the appellant. Because the trial judge employed the wrong test in determining that offers of judgment served by the appellant pursuant to the statute were not made in good faith, we reverse the order.
Section 768.79 provides in relevant part as follows:
768.79 Offer of judgment and demand for judgment. (1) In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred by her or him ... from the date of the filing of the offer if the judgment is one of no liability ...
. . .
(7)(a) If a party is entitled to costs and fees pursuant to the provisions of this section, the court may, in its discretion, determine that an offer was not made in good faith. In such case, the court may disallow an award of costs and attorney's fees.
The parties agree that the appellant satisfied the requirements of subsection (1) of the statute. The issue for our decision is whether the trial judge erred in his ruling pursuant to paragraph (7)(a) that the offers of judgment were not made in good faith.
In denying the motion, the trial judge indicated that he found an absence of good faith because the appellant could not reasonably have expected the appellee to accept any of the offers. As the appellant properly argues, this test applied by the trial judge conflicts with the relevant decisional law under the statute.
Entitlement to an award of costs and attorney's fees under section 768.79 does not depend upon "the reasonableness of an offeree's rejection of an offer of judgment." See TGI Friday's, Inc. v. Dvorak, 663 So.2d 606 (Fla.1995); see also Jordan v. Food Lion, Inc., 670 So.2d 138 (Fla. 1st DCA 1996). And good faith may *27 be present even though the offeror does not believe its offer will be accepted. See Peoples Gas System v. Acme Gas Corp., 689 So.2d 292 (Fla. 3d DCA 1997); Schmidt v. Fortner, 629 So.2d 1036 (Fla. 4th DCA 1993). Indeed, application of such a requirement would not comport with the widely accepted view that even a nominal offer may be made in good faith, see Evans v. Piotraczk, 23 Fla. L. Weekly D2725, 724 So.2d 1210 (Fla. 5th DCA 1998); Fox v. McCaw Cellular Comm. of Fla., 23 Fla. L. Weekly D2687, ___ So.2d ___, 1998 WL 870859 (Fla. 4th DCA Dec.9, 1998); Allstate Ins. Co. v. Silow, 714 So.2d 647 (Fla. 4th DCA 1998); Weesner v. United Services Auto. Ass'n, 711 So.2d 1192 (Fla. 5th DCA 1998); State Farm Mut. Auto. Ins. Co. v. Marko, 695 So.2d 874 (Fla. 2d DCA 1997); Peoples Gas, because an offeror seldom would expect an offeree to accept a nominal offer. Rather, "[t]he obligation of good faith merely insists that the offeror have some reasonable foundation on which to base an offer." See Schmidt v. Fortner, 629 So.2d 1036 (Fla. 4th DCA 1993); Weesner; Peoples Gas.
Accordingly, the trial court in the present case should have applied this "reasonable foundation" test in determining whether the offers of judgment were made in good faith. And in applying this test, the trial court should have considered the amount of each of the offers in light of the amount of potential damage and risk of liability at the time each of the offers of judgment was made. See Evans.
We accordingly reverse the order under review and remand this case for the trial judge to reconsider the appellant's motion for costs and attorney's fees pursuant to the proper test.
WEBSTER and VAN NORTWICK, JJ., CONCUR.