786 So.2d 637 (2001)
Alfred DEAN, Appellant/Cross-Appellee,
v.
Luz G. VAZQUEZ, M.D. and the Heart Institute of Port St. Lucie, Inc., d/b/a Heart & Family Institute of Port St. Lucie, Appellees/Cross-Appellants.
Nos. 4D00-2501, 4D00-3305.
District Court of Appeal of Florida, Fourth District.
May 23, 2001.
*638 H. Mark Vieth of Tilghman & Vieth, P.A., Miami, for appellant/cross-appellee.
Shelley H. Leinicke of Wicker, Smith, Tutan, O'Hara, McCoy, Graham & Ford, P.A., Fort Lauderdale, for appellees/cross-appellants.
PER CURIAM.
Alfred Dean ("Dean") appeals a final judgment entered after a jury verdict in favor of the Defendants Luz Vazquez ("Vazquez") and the Heart Institute of Port St. Lucie, Inc. ("the Heart Institute") (collectively the Defendants) on a medical malpractice action. The Defendants cross-appeal the trial court's denial of attorneys' fees and costs under section 768.79, Fla. Stat. (2000).
Dean was a sixty-seven-year-old chronic diabetic whose condition has required him to undergo a triple-heart bypass and numerous other surgeries to correct circulatory problems associated with peripheral vascular disease. Dean developed a shooting pain in his foot and sought treatment from Vazquez and the Heart Institute. Vazquez, a board-certified neurologist, conducted an electromyogram/nerve conduction study (EMG) a two-part test that in an attempt to diagnose the cause of *639 Dean's foot pain. The second phase of this test consisted of the insertion of very fine sterile, single-use needles just below the surface of the patient's skin, through which the physician measures the contraction and relaxation of the muscles. Several weeks later, Dean developed unrelated chest pain for which he was admitted to Indian River Memorial Hospital (IRMH). At the time Dean was admitted IRMH personnel noted no injuries to his feet. Dean's stay at IRMH lasted four days, and six days after his discharge he developed what was diagnosed as a staphylococcus infection that ultimately resulted in the amputation of his left leg below the knee. Dean brought the action below alleging negligence in the performance of the EMG resulting in the amputation of his leg.
The trial judge instructed the jury, over Dean's objection, regarding his two causes of action, using the following jury instruction:
The issues for your determination on the negligence claim of Alfred Dean against Dr. Luz Vazquez and the Heart Institute of Port St. Lucie, Inc., are whether the defendants performed unnecessary diagnostic testing on Alfred Dean, and whether they were negligent in providing neurological serviced to Alfred Dean; and, if so, whether such negligence was a legal cause of injury and damage to Alfred Dean.
. . . .
If the greater weight of the evidence does not support the claims of Alfred Dean on the claims of performing unnecessary diagnostic testing, or of negligence, then your verdict on these claims should be for Dr. Luz Vazquez and the Heart Institute of Port St. Lucie.
The jury returned a verdict for the Defendants.
Dean contends that section 766.111 of Florida Statutesengaging in unnecessary diagnostic testingprovides for recovery independent of proof of damages, and the jury instructions were given in error. We disagree.
The provision at issue here is part of a larger statutory framework designed to provide coherence in medical malpractice cases. See Musculoskeletal Inst. Chartered v. Parham, 745 So.2d 946 (Fla.1999.) The intention of the legislature in enacting Chapter 766 was, inter alia, to curtail frivolous claims, promote settlement and reduce the high cost of medical malpractice insurance. See id. at 946; see also Cohen v. Dauphinee, 739 So.2d 68 (Fla. 1999).
We must read section 766.111 in pari materia and in so doing we conclude that the reading urged by Dean would create a cause of action not intended by the legislature.
Section 766.102 sets the standard for recovery in all medical malpractice claims. See Silva v. Southwest Fla. Blood Bank, Inc., 601 So.2d 1184 (Fla.1992). As such, it requires that a claim for medical malpractice must involve "death, injury or monetary loss arising out of any medical, dental, or surgical diagnosis, treatment, or care." Id. at 1186 (emphasis added.) Because the reading Dean would have this Court adopt would be far more broad than intended, essentially circumventing the requirements of section 766.102, we reject it. We find that the plain language of the section 766.111 does not establish a cause of action independent of the requirements of section 766.102. Therefore, because the trial court's inclusion of the language regarding "damages" accurately states the applicable law under section 766.111 we affirm.
We now address the matter of the Defendants' cross-appeal. Section *640 768.79 creates a "mandatory right to attorneys' fees, if the statutory prerequisites have been met." Schmidt v. Fortner, 629 So.2d 1036, 1040 (Fla. 4th DCA 1993.) As long as the offer is made in good faith and the award is 25% less than the offer, the court should award attorneys' fees. Allstate Ins. Co. v. Manasse, 715 So.2d 1079 (Fla. 4th DCA 1998). The obligation of good faith merely requires that the offeror have some reasonable foundation on which to base the offer. Schmidt, 629 So.2d at 1039. An offer is in good faith where the offeror had a reasonable basis to conclude that its exposure was nominal. See Fox v. McCaw, 745 So.2d 330 (Fla. 4th DCA 1998)($100 offer supported attorneys' fee award because of reasonable basis to conclude offeror's exposure was nominal).
Dean concedes this error on appeal and has advanced no evidence to show that the Defendant's offer was made absent good faith. Further, as confirmed by the jury verdict the Defendants had a reasonable basis to conclude their exposure was nominal. Therefore, the trial court's denial of attorneys' fees under section 768.79 is reversed and remanded with instructions to award attorneys' fees consistent with this opinion.
AFFIRMED IN PART, REVERSED AS TO ATTORNEY'S FEES.
GUNTHER, FARMER and KLEIN, JJ., concur.