867 So.2d 1263 (2004)
Jonathan R. ZACHEM, Appellant,
v.
PARADIGM PROPERTIES MANAGEMENT TEAM, INC., Appellee.
No. 1D03-1951.
District Court of Appeal of Florida, First District.
March 18, 2004.
Stephen C. Bullock of Brannon, Brown, Haley, Robinson & Bullock, P.A., Lake City, for Appellant.
Carl B. Schwait and Elizabeth M. Collins, of Dell Graham, P.A., Gainesville, for Appellee.
PER CURIAM.
The trial court committed no abuse of discretion in determining that appellee's offer of judgment was not made in bad faith and, after making such a determination, allowing attorney's fees against appellant. Here, appellee obtained a summary judgment of no liability, which has now been affirmed by this court.[*]Zachem v. Paradigm Props. Mgmt. Team, Inc., 861 So.2d 1160 (Fla. 1st DCA 2003) (table). A nominal offer is appropriate where the offeror has a reasonable basis to believe that exposure to liability is minimal. See, e.g., Dean v. Vazquez, 786 So.2d 637, 640 (Fla. 4th DCA 2001) ("[A]s confirmed by the jury verdict the Defendants had a reasonable basis to conclude their exposure was nominal."); Deltona House Rentals, Inc. v. Cloer, 734 So.2d 586, 588 (Fla. 5th DCA 1999) ("In light of the manifest lack of liability, [appellant] was not obliged to offer more than a nominal amount for its offer to be in good faith."); City of Neptune Beach v. Smith, 740 So.2d 25, 27 (Fla. 1st DCA 1999) (acknowledging the "widely accepted view that even a nominal offer may be made in good faith").
AFFIRMED.
BARFIELD, KAHN and HAWKES, JJ., concur.
NOTES
[*] Although not dispositive, the ultimate outcome of the proceedings is certainly a consideration in determining whether an offer was made in good faith. See McMahan v. Toto, 311 F.3d 1077, 1084-85 (11th Cir.2002) (finding the argument that the offeror lacked a reasonable belief that it would prevail to be "illogical" and "unreasonable," in light of the fact that the offeror prevailed on summary judgment).