957 So.2d 36 (2007)
PALM BEACH POLO HOLDINGS, INC., Appellant,
v.
MADSEN, SAPP, MENA, RODRIGUEZ & CO., P.A., Appellee.
No. 4D06-2641.
District Court of Appeal of Florida, Fourth District.
April 25, 2007.
Craig T. Galle of Chapman & Galle, PLC, West Palm Beach, for appellant.
John J. Shahady, Samantha Tesser Haimo and Jeffrey A. Backman of Adorno & Yoss, LLP, Fort Lauderdale, for appellee.
HAZOURI, J.
Appellant, Palm Beach Polo Holdings, Inc. (Holdings), appeals from a final judgment for attorney's fees and costs entered in favor of appellee Madsen, Sapp, Mena, Rodriguez & Co., P.A. (Madsen), pursuant to Madsen's proposal for settlement. Holdings asserts the trial court erred in awarding attorney's fees contending that the proposal for settlement was ambiguous and therefore defective because it failed to state with particularity all relevant conditions and all nonmonetary terms. We disagree and affirm.
Madsen, an accounting professional association, filed a five-count complaint against Holdings in order to obtain the $18,332.25 owed by Holdings to Madsen for services rendered. Prior to trial, Madsen filed its "Plaintiff's Proposal for Settlement" which stated:
Plaintiff MADSEN, SAPP, MENA, RODRIGUEZ & CO., P.A. ("Plaintiff"), by its undersigned counsel, pursuant to Florida Rule of Civil Procedure 1.442 and Section 768.79, Florida Statutes, *37 hereby makes this Proposal for Settlement to Defendant PALM BEACH POLO HOLDINGS, INC. ("Defendant"). Plaintiff is making this Proposal for Settlement for the total amount of Sixteen Thousand Dollars ($16,000.00).
This offer, if accepted, will settle all pending claims in this action against Defendant, including claims for punitive damages, interest, costs and attorneys' fees (whether contractual or statutory). If this offer is acceptable to Defendant as written, Defendant must file a written acceptance along with this Proposal for Settlement with the Court within thirty (30) days after service of this offer. If this offer is not accepted within thirty (30) days of service, it will be deemed rejected and void. Any counteroffer made before the expiration of this offer will operate as a rejection and will terminate this offer. Plaintiff reserves the right to serve on Defendant a withdrawal of this offer in writing before written acceptance is served upon Defendant or filed with the Court.
After a trial on Madsen's complaint, the trial court entered a final judgment in favor of Holdings. Madsen appealed and this court reversed for entry of judgment in favor of Madsen. Madsen filed its motion for attorneys' fees and costs asserting its entitlement to fees under the proposal for settlement. After a hearing on the matter, the trial court entered a final judgment for attorneys' fees and costs against Holdings, which is the order on appeal. The trial court found the proposal for settlement unambiguous and therefore valid. The total amount awarded was $59,559.40.
Holdings argues that the proposal served by Madsen was defective because it failed to provide any information as to whether, if the proposal was accepted, the claims asserted by Madsen would be dismissed or whether Holdings would be released.
The standard of review in determining whether a proposal for settlement complies with section 768.79, Florida Statutes (2005), and Florida Rule of Civil Procedure 1.442 is de novo. See Papouras v. BellSouth Telecomm., Inc., 940 So.2d 479, 480 (Fla. 4th DCA 2006).
Section 768.79, Florida Statutes (2005), provides in pertinent part:
(2) The making of an offer of settlement which is not accepted does not preclude the making of a subsequent offer. An offer must:
(a) Be in writing and state that it is being made pursuant to this section.
(b) Name the party making it and the party to whom it is being made.
(c) State with particularity the amount offered to settle a claim for punitive damages, if any.
(d) State its total amount.
The offer shall be construed as including all damages which may be awarded in a final judgment.
(3) The offer shall be served upon the party to whom it is made, but it shall not be filed unless it is accepted or unless filing is necessary to enforce the provisions of this section.
(4) An offer shall be accepted by filing a written acceptance with the court within 30 days after service. Upon filing of both the offer and acceptance, the court has full jurisdiction to enforce the settlement agreement.
The statute is implemented by Florida Rule of Civil Procedure 1.442 and subsection (c) provides for the "Form and Content of Proposal for Settlement":
(1) A proposal shall be in writing and shall identify the applicable Florida law under which it is being made.

*38 (2) A proposal shall:
(A) name the party or parties making the proposal and the party or parties to whom the proposal is being made;
(B) identify the claim or claims the proposal is attempting to resolve;
(C) state with particularity any relevant conditions;
(D) state the total amount of the proposal and state with particularity all nonmonetary terms of the proposal;
(E) state with particularity the amount proposed to settle a claim for punitive damages, if any;
(F) state whether the proposal includes attorneys' fees and whether attorneys' fees are part of the legal claim; and
(G) include a certificate of service in the form required by rule 1.080(f).
With respect to (C) and (D), the supreme court held that "[t]his requirement of particularity is fundamental to the purpose underlying the statute and rule. A proposal for settlement is intended to end judicial labor, not create more." State Farm Mut. Auto. Ins. Co. v. Nichols,[1] 932 So.2d 1067, 1078 (Fla.2006) (quoting Nichols v. State Farm Mutual,[2] 851 So.2d 742, 746 (Fla. 5th DCA 2003)).
In Nichols II, the supreme court reviewed the Fifth District's decision in Nichols I to deny State Farm attorney's fees under the offer of judgment statute because the language of State Farm's proposal for settlement requiring Nichols to sign a general release was too ambiguous to satisfy rule 1.442.
State Farm served a proposal for settlement on Nichols in the amount of $250 while Nichols's PIP suit was pending. Additionally, as a condition of the settlement, Nichols would have been required to "execute a General Release in favor of State Farm, which will be expressly limited to all claims, causes of action, etc., that have accrued through the date of Nichols's acceptance of this Proposal." Nichols II, 932 So.2d at 1071. Nichols also had an outstanding uninsured motorist (UM) claim against State Farm but, fearing the general release would extinguish that claim too, Nichols rejected the offer. The supreme court concluded "that State Farm's settlement proposal failed to eliminate ambiguity regarding Nichols's outstanding UM claim and thus cannot support an award of attorney's fees." Id. at 1078.
In the instant case there is no such ambiguity. It is clear from Madsen's proposal for settlement that it is offering to settle all claims including claims for punitive damages, interest, costs and attorney's fees whether contractual or statutory. There is no language in section 768.79 or rule 1.442 requiring that there must be language expressing a willingness to dismiss all claims in a proposal for settlement. It is clear from Madsen's proposal for settlement that if Holdings had accepted Madsen's proposal, it would have ended the litigation and disposed of all claims. We fail to see any ambiguity or lack of particularity in Madsen's proposal for settlement and therefore affirm.
Affirmed.
WARNER and POLEN, JJ., concur.
NOTES
[1] "Nichols II."
[2] "Nichols I."