975 So.2d 1240 (2008)
Andres LEDESMA and Marta Ledesma, Appellants,
v.
Carlos IGLESIAS, Appellee.
No. 4D07-734.
District Court of Appeal of Florida, Fourth District.
March 12, 2008.
Downs Brill Whitehead, Pembroke Pines, and Ralph O. Anderson of Ralph O. Anderson, P.A., Davie, for appellants.
Green, Ackerman & Frost, P.A., Boca Raton, and Elizabeth K. Russo of Russo Appellate Firm, P.A., Miami, for appellee.
POLEN, J.
Appellants Andres and Marta Ledesma appeal the trial court's final order awarding attorney's fees and costs to Appellee Carlos Iglesias. The trial court entered the award on the basis of Iglesias' settlement proposal to the Ledesmas which they did not accept within the prescribed time frame. In this appeal, the Ledesmas argue they did not accept the proposal because they would have to "falsely swear under oath that there are no unpaid obligations or liens or the like when, in truth, there are unpaid obligation or liens or the like" and because the clauses "were ambiguous and/or stated with insufficient particularity and/or that it was impossible for Plaintiffs to sign either or both the Release and the No-Lien Affidavit and Hold Harmless with the respective clauses." We find the Ledesmas' argument unpersuasive and affirm the trial court's award of costs and fees.
This case began when the Ledesmas brought a personal injury lawsuit against Iglesias for injuries sustained by Andres when he fell off a ladder at Iglesias' home. The case went to trial in July 2006 and resulted in a verdict for the defense as well as an award of costs and fees to Iglesias. The Ledesmas timely appealed the verdict and requested this court overturn the verdict and grant a new trial. *1242 This court per curiam affirmed the verdict below in October 2007. See Ledesma v. Iglesias, 966 So.2d 401 (Fla. 4th DCA 2007). The Ledesmas separately appealed the trial court's award and taxation of costs and fees to Iglesias based on his proposal for settlement. The separate appeal was stayed until resolution of the appeal of the underlying verdict.
The Ledesmas argue Iglesias' proposals for settlement were invalid as a matter of law because they did not comply with section 768.79, Florida Statutes, and Florida Rule of Civil Procedure 1.442, and because acceptance of the proposals would have required them to lie under oath. "The question of whether a proposal for settlement complies with section 768.79, Florida Statutes (2005), and Florida Rule of Civil Procedure 1.442 is reviewed de novo." Papouras v. BellSouth Telecomms., Inc., 940 So.2d 479, 480 (Fla. 4th DCA 2006). "[R]ule 1.442 and section 768.79 are in derogation of the common law rule that parties are responsible for their own attorney's fees, and thus the statute and rule must be strictly construed." Campbell v. Goldman, 959 So.2d 223, 226 (Fla.2007).
The Settlement stated, in relevant part:
This Settlement Proposal is to resolve, completely release, and forever discharge Defendant, CARLOS IGLESIAS, from all manners of action or actions, cause and causes of action, controversies, claims and demands whatsoever in law or in equity, present and future which Plaintiff, ADRES LEDESMA, hereafter can, shall, or may have against CARLOS IGLESIAS, including all claims arising from or related to the October 25, 2005 incident that occurred at or near 1515 S.W. 193rd Avenue, Pembroke Pines, in Broward County, Florida, including all claims that could have been brought in the lawsuit filed in Broward Circuit Court, Case No. 05-016889(12).
Under the terms of this settlement proposal, the Plaintiff, ANDRES LEDESMA, for and in consideration of the settlement amount identified in paragraph 6, shall execute a General Release, and a No-Line Affidavit and Hold Harmless Agreement in favor of CARLOS IGLESIAS, concerning the claims that are the subject of this lawsuit, copies of which are attached hereto . . .
Attached to Iglesias' proposal for settlement was a Release of All Claims form and a No-Lien Affidavit and Hold Harmless form. The Release of all Claims form contained language stating:
The Releasing Party represents to the Released Party that they and their attorneys alone are entitled to the settlement funds and that there are no liens or claims made to these funds by any insurance carrier for medical payments or health insurance benefits.
The Releasing Party agrees to be responsible for, and to satisfy out of the proceeds of this settlement, any and all liens and or subrogated interests, known and unknown, for medical treatment, health care related expenses, and attorneys fees incurred by or on behalf of the Releasing Party, on account of the October 25, 2005 incident referred to above.
The Releasing Party agrees to indemnify and hold harmless the Released Party from any and all claims and/or liens and/or subrogated interests herein for which these funds are intended.
The No-Lien Affidavit/Hold Harmless Agreement form stated, in relevant part:
Affiant hereby states under oath that there are no unpaid obligations incurred and owing by claimant to any hospital in the State of Florida or elsewhere for *1243 services or medicines or medical appliances or x-rays of any kind rendered to the undersigned, either as an inpatient or an outpatient, on or since the day of the accident mentioned above, and further Affiant states under oath that there are no unpaid obligations or liens due any insurance company, medical provider, and/or governmental agency incident to the subject accident except as follows:
NO EXCEPTIONS
THIS AFFIDAVIT is made to induce the said Releasee and those making payment on behalf of Releasee to enter into such settlement and pay said sum of money to Affiant without securing any release or releases or lien from any insurance company and/or governmental agency and/or medical provider, hospital or hospitals in any state, including in the State of Florida, under the Statutes of the State of Florida . . . and THE UNDERSIGNED SPECIFICALLY UNDERTAKES AND AGREES TO INDEMNIFY the said Releasee and those making such payment in connection with such settlement, against any and all loss, costs, expenses, and attorney's fees incurred as a result of the falsity or inaccuracy of this Affidavit in any respect, including all losses, costs, expenses and attorney's fees incurred in the defense of any such claim and/or enforcement of this indemnity agreement.
The Ledesmas argue the releases attached to the proposals for settlement were ambiguous and unenforceable as they required the Ledesmas to falsely swear there were no outstanding medical bills or claims pending. We disagree. "[T]he language in a general release, `even though expansive, is typical of other general releases and is clear and unambiguous.'" State Farm Mut. Auto. Ins. Co. v. Nichols, 932 So.2d 1067, 1079 (Fla.2006) (quoting Bd. of Trs. of Fla. Atl. Univ. v. Bowman, 853 So.2d 507 (Fla. 4th DCA 2003)).
In this case, the releases clearly indicated that Iglesias was seeking to be released from any and all claims by the Ledesmas arising out of the October 25, 2005 incident. Further, the language in the releases dealing with the existence of liens is unambiguous and does not imply what the Ledesmas represent it does. The Release of All Claims form language requires the Ledesmas to agree that there are no liens or claims on the settlement funds and to agree to indemnify Iglesias against any liens or claims that might arise. The release is not asking the Ledesmas to swear they have no unpaid claims or bills in general. The No-Lien Affidavit and Hold Harmless Agreement language furthers this end by requiring the Ledesmas to agree that if there are liens or unpaid obligations then, by signing the form, they are releasing Iglesias from any payments above and beyond the settlement amount and indemnifying him from any third party claims arising from this accident. While the Ledesmas argue the language used is confusing, looking at the document as a whole, we find the language of the release is clear and unambiguous. See Discover Prop. & Cas. Ins. Co. v. Beach Cars of W. Palm, Inc., 929 So.2d 729, 732 (Fla. 4th DCA 2006) ("contractual language should be given its plain and ordinary meaning, and read in the context of the document as a whole").
We find there was no error in the award of attorney's costs and fees to Iglesias and affirm.
SHAHOOD, C.J., and MAY, J., concur.