988 So.2d 1225 (2008)
JACKSONVILLE GOLFAIR, INC., Appellant,
v.
Gary S. GROVER, Rita Grover, and Sys-Jax, Inc., Appellees.
No. 1D07-6520.
District Court of Appeal of Florida, First District.
August 21, 2008.
*1226 Don H. Lester of Lester & Mitchell, P.A., Jacksonville, for Appellant.
James A. Bledsoe, Jr., of Bledsoe, Jacobson, Schmidt, Wright, Lang & Wilkinson, Jacksonville, for Appellees.
THOMAS, J.
We review an order denying attorneys' fees sought under section 768.79, Florida Statutes (2000), and Florida Rule of Civil Procedure 1.442. We reverse, finding Appellant's Offer of Judgment is clear, unambiguous, and in compliance with section 768.79, Florida Statutes.

Facts
During the property litigation below, Appellant filed an amended counterclaim containing five specific counts against husband and wife Appellees Gary and Rita Grover. Although the opening sentence of the amended counterclaim states that the five counts are against both Appellees Gary and Rita Grover, each individual count does not expressly name both Gary and Rita Grover. Additionally, some of the counts discuss the role and interests of Melton Harrell, a named co-defendant in the action.
Appellant served a proposal for settlement on one of the named appellees, Gary Grover, which stated, in part:
[Appellant] ... without waiver of any other claims available to [it] under the law, hereby offers to completely settle all claims asserted by [it] against [Appellee] Gary Grover ("Grover") in Counts I-V of the Amended Counterclaim filed by [Appellant] ... as well as all claims asserted by [Gary] Grover against [Appellant] ... [for] the total sum of $500,000.00 (Five Hundred Thousand Dollars) in payment of [Appellant's] claims against Grover or by Grover consenting to judgment against him and in favor of [Appellant] in the total amount of $500,000.00 (Five Hundred Thousand Dollars). The offer amount... includes all taxable costs, attorneys' fees and any other charges or expenses associated with the instant litigation Counts I-V....
The party making this offer is [Appellant], and the offer is made to [Appellee] Gary Grover.
Appellee Gary Grover did not accept the settlement proposal. After a bench trial, Appellant was awarded a final judgment totaling $809,290.69. Appellant filed a motion to recover attorneys' fees, which the trial court denied, finding that Appellant's settlement proposal was ambiguous about which claims would be settled upon acceptance. Appellant now asserts that the trial court erred. We agree, and reverse.
The standard of review for a trial court's ruling on a motion to tax attorneys' fees and costs pursuant to the offer of judgment statute is de novo. Ambeca, Inc. v. Marina Cove Vill. Townhome Ass'n, Inc., 880 So.2d 811, 812 (Fla. 1st DCA 2004).
*1227 Section 768.79, Florida Statutes (2000), allows a party to recover its reasonable attorneys' fees and costs after an offer of settlement is rejected "[i]f a plaintiff files a demand for judgment which is not accepted by the defendant ... and the plaintiff recovers a judgment in an amount at least 25 percent greater than the offer, she or he shall be entitled to recover reasonable costs and attorney's fees incurred...." § 768.79(1), Fla. Stat. (2000).
Florida Rule of Civil Procedure 1.442 requires that a settlement proposal name the party making the proposal and the party to whom the proposal is being made; that it identify the claims the proposal is attempting to resolve; and that it state with particularity any relevant conditions and all nonmonetary terms. Fla. R. Civ. P. 1.442(c)(2)(A)-(D). A settlement proposal "may be made by or to any party or parties and by or to any combination of parties properly identified in the proposal. A joint proposal shall state the amount and terms attributable to each party." Fla. R. Civ. P. 1.442(c)(3).
Section 768.79 and rule 1.442 do not require that a settlement proposal cover all claims between all parties involved, or that it settle all claims between the parties to the proposal. Wagner v. Brandeberry, 761 So.2d 443, 447 (Fla. 2d DCA 2000) ("[I]t is clear that both the legislature and the supreme court contemplated that proposals would be served that were intended to resolve claims between some but not all parties to the litigation; resolve some but not all claims involved in the litigation; or resolve some combination of both."). Even though Appellant's proposal did not address the claims or interests of other parties to the action, this did not create ambiguity, and it is irrelevant. As Appellant notes, had the settlement offer attempted to settle claims involving other parties, Appellant would have had to apportion different amounts to different parties. See, e.g., Lamb v. Matetzschk, 906 So.2d 1037 (Fla.2005) (finding that even where one party's alleged liability is vicarious, a joint proposal for settlement must differentiate between the parties); Heymann v. Free, 913 So.2d 11 (Fla. 1st DCA 2005) (finding invalid a settlement proposal made to a husband and wife, co-owners of a vehicle involved in an accident, since it did not attribute the settlement amount between the parties). Here, the offer simply proposes to resolve all counterclaims against Appellee Gary Grover, and all claims Appellee Gary Grover might have against Appellant.
The legislature created a property right to an award of attorneys' fees where a party complies with section 768.79, Florida Statutes. Although it is true that the statute is in derogation of common law and must be strictly construed, Willis Shaw Express, Inc. v. Hilyer Sod, Inc., 849 So.2d 276, 278 (Fla. 2003), this rule of construction should not eviscerate the legislature's policy choice. When reviewing offers of judgment, courts should use reason and common sense and interpret the offer as a whole to avoid unreasonable results. See, e.g., Kee v. Baptist Hosp. of Miami, Inc., 971 So.2d 814 (Fla. 3d DCA 2007) (finding no ambiguity where the proposal language addressed only offeree's claims against offeror and did not interfere in any way with offeree's ability to recover against a third party); 1 Nation Tech. Corp. v. A1 Teletronics, Inc., 924 So.2d 3 (Fla. 2d DCA 2005) (noting that, although an offer was invalid since it did not differentiate between the offerors, the offer contained the necessary particularity in its nonmonetary terms and conditions since, when read as a whole, it unambiguously applied to all claims pending in the case, including a claim for injunctive relief); see also Ledesma *1228 v. Iglesias, 975 So.2d 1240, 1243 (Fla. 4th DCA 2008) (finding no ambiguity in a proposal that required the offerees to sign a general release, a no-lien affidavit, and a hold harmless agreement, since even though the offerees "argue the language used is confusing, looking at the document as a whole, ... the language of the release is clear and unambiguous.").
Appellees argue that the settlement proposal did not include provisions describing how the specific claims would be dismissed, thus it required speculation on how the settlement would be procedurally consummated. We disagree. In Palm Beach Polo Holdings, Inc. v. Madsen, Sapp, Mena, Rodriguez & Co., 957 So.2d 36 (Fla. 4th DCA 2007), the Fourth District found no ambiguity in a settlement proposal that sought to settle all pending claims in the case. The proposal in that case stated, "This offer, if accepted, will settle all pending claims in this action." Id. at 37. The offeree argued that this proposal was defective since it did not state whether, if accepted, the claims would be dismissed or whether the offeror would release the offeree. Id. The court rejected this argument, since section 768.79, Florida Statutes, and Florida Rule of Civil Procedure 1.442 do not require that a proposal contain this type of language. Id. at 38. The proposal contained clear language indicating that, if accepted, the settlement would have ended the litigation and disposed of all pending claims. Id. No further particularity was required as to how the claims would be settled.
Here, the offer proposed to settle all claims identified in the offer and provided Appellee with an option of how the settlement would be resolved: Appellant would accept a specific monetary amount from Appellee Gary Grover as payment for Appellant's claims against him or, in the alternative, Appellee Gary Grover could consent to judgment against himself and in favor of Appellant for the specified amount. This provides more detail than the proposal in Madsen, which the Fourth District found satisfied the particularity requirement. We thus have no difficulty finding the offer free of ambiguity and Appellant entitled to an award of attorneys' fees under section 768.79, Florida Statutes.
Finding Appellant's offer unambiguous and in compliance with section 768.79, Florida Statutes, and Florida Rule of Civil Procedure 1.442, we reverse the trial court's order denying attorneys' fees pursuant to Appellant's offer of judgment.
REVERSED.
WEBSTER and VAN NORTWICK, JJ., concur.