GERSTEN, C.J.
Harris Specialty Chemicals, Inc., together with other defendants (collectively “Harris”) appeal the trial court’s order denying them motion for attorney’s fees under section 768.79, Florida Statutes (2007), and Florida Rule of Civil Procedure 1.442, the offer of judgment statute and rule, in favor of plaintiff, Punto Azul S.A. de C.V. (“Punto Azul”). We reverse.
Harris asserts that the trial court erred in finding the settlement proposal ambiguous and unenforceable. Punto Azul contends that the trial court properly found the settlement proposal invalid because it failed to apportion an amount to one of the defendants. We agree with Harris and determine that upon de novo review, the settlement proposal is unambiguous, and thus, attorney’s fees should have been granted pursuant to the proposal.
 A proposal may be made by or to any party or parties and by or to any combination of parties properly identified in the proposal. See Fla. R. Civ. P. 1.442(c)(3); see also § 768.79, Fla. Stat. (2007). The rule does not require that a settlement proposal cover all claims between all parties involved, or that it settle all claims between the parties to the proposal. Jacksonville Golfair, Inc. v. Grover, 988 So.2d 1225, 1227 (Fla. 1st DCA 2008). The rule merely requires that a settlement proposal be sufficiently clear and definite to allow the offeree to make an informed decision without needing clarification. Carey-All Transp., Inc. v. New-by, 989 So.2d 1201, 1206 (Fla. 2d DCA 2008). Further, courts are urged to “use reason and common sense and interpret the offer as a whole to avoid unreasonable results.” Jacksonville Golfair, 988 So.2d at 1227.
Here, we find Harris’ offer was unambiguous. Accordingly, we reverse the trial court’s order denying attorney’s fees.
Reversed and remanded.