MAY, J.
 

 The successful defendant in a defamation action appeals an order denying its request for attorney’s fees, pursuant to a joint proposal for settlement. The defendant argues the trial court erred in finding the proposal ambiguous. We agree and reverse.
 

 The plaintiff filed a complaint against two defendants; one defendant was the employee of the other. The complaint alleged that the employee had made defamatory statements and the employer was vicariously liable. The employee admitted to making the statement.
 

 The defendants served a joint proposal for settlement, pursuant to section 768.79, Florida Statutes and Florida Rule of Civil Procedure 1.442. The proposal offered the plaintiff $20,000 in exchange for the dismissal with prejudice of both defendants. It also required, among other things, that “[t]he writing evidencing acceptance of this proposal must include the explicit acknowl-edgement by the plaintiff that by making this proposal, defendants are not admitting that they have said or done anything improper referable to the plaintiff, and that the defendants are attempting to purchase their peace from this plaintiff.” The plaintiff rejected the proposal, but ultimately settled with the employee.
 

 The case went to trial against the employer. The jury found in favor of the employer. Specifically, the jury found that the employee made the statement without legal privilege or justification, but the employer was not liable because the plaintiff was not damaged by the defamation.
 

 The employer then served its motion for fees, pursuant to the joint proposal for settlement. After conducting a hearing, the trial court denied the motion only because one particular phrase of the proposal was allegedly ambiguous. The trial court explained:
 

 I find while [the last phrase of paragraph three] is clear in terms of the words, the actual verbiage that would be required to accept the offer, it’s not clear unequivocally and what the defendant required was not clear to meet the very strict constraints of the offer of judgment statute.
 

 The employer now appeals the order denying the motion for fees.
 

 The employer argues the trial court erred in finding the proposal ambiguous. The plaintiff responds that the trial court properly denied the motion for fees because the joint proposal was ambiguous, not made in good faith, and was unenforceable as a joint proposal.
 

 We review orders on proposals for settlement under section 768.79 and rule 1.442
 
 de novo. Palm, Beach Polo Holdings, Inc. v. Madsen, Sapp, Mena, Rodriquez & Co., P.A.,
 
 957 So.2d 36, 37 (Fla. 4th DCA 2007).
 

 In
 
 State Farm Mutual Automobile Insurance Co. v. Nichols,
 
 932 So.2d 1067 (Fla.2006), our supreme court explained the particularity requirement of rule 1.442.
 

 “The rule intends for a proposal for judgment to be as specific as possible, leaving no ambiguities so that the recipi
 
 *71
 
 ent can fully evaluate its terms and conditions. Furthermore, if accepted, the proposal should be capable of execution without the need for judicial interpretation .... ”
 

 We recognize that, given the nature of language, it may be impossible to eliminate all ambiguity. The rule does not demand the impossible. It merely requires that the settlement proposal be sufficiently clear and definite to allow the offeree to make an informed decision without needing clarification.
 

 Id.
 
 at 1079 (quoting
 
 Lucas v. Calhoun,
 
 813 So.2d 971, 973 (Fla. 2d DCA 2002)) (citation omitted).
 

 While the trial court found the last phrase of paragraph three ambiguous, we find nothing ambiguous about it. That paragraph states:
 

 The writing evidencing acceptance of this proposal must include the explicit acknowledgement by the plaintiff that by making this proposal, [1] defendants are not admitting that they have said or done anything improper referable to the plaintiff, and [2] that the defendants are attempting to purchase their peace from this plaintiff.
 

 (Emphasis added). The paragraph requires the plaintiff to do three simple things: (1) make the acceptance in writing; (2) acknowledge that the “defendants are not admitting that they have said or done anything improper referable to the plaintiff;” and (3) further acknowledge the defendants were merely “attempting to purchase their peace from this plaintiff.”
 

 Rather than be ambiguous, the defendants specifically directed the language to be contained within the written acceptance. Reading the paragraph as a whole, the last phrase merely explains why the defendants were willing to pay $20,000.
 
 See Ledesma v. Iglesias,
 
 975 So.2d 1240, 1243 (Fla. 4th DCA 2008). “Ambiguity is defined as ‘the condition of admitting more than one meaning.’ ”
 
 Saenz v. Campos,
 
 967 So.2d 1114, 1117 (Fla. 4th DCA 2007) (citation omitted). Here, the plaintiff has not suggested a second meaning to the allegedly ambiguous phrase.
 

 The plaintiff also argues the joint proposal was not made in good faith because the proposal was made after the employee admitted making the defamatory statement. The trial court found the proposal was made in good faith. We agree.
 

 When the employer made the proposal, it had a reasonable basis for admitting no liability. Although its employee admitted to making the statement, the employer never admitted the statement was defamatory or that it was made in the course and scope of the employee’s employment. Rather, the employer maintained the statement was not defamatory because it was true, and further that it failed to cause any resulting damage. The jury verdict confirmed that employer’s position.
 
 See Dean v. Vazquez,
 
 786 So.2d 637, 640 (Fla. 4th DCA 2001). In short, the trial court correctly found that the proposal was “a good faith offer based upon the discovery [and] the posture of the case at the time the offer was extended.... ”
 

 We find no merit in the plaintiffs argument that the proposal was void due to its joint nature. A joint proposal is specifically contemplated by rule 1.442(c)(3) and is enforceable when fully compliant with the rule’s requirements of form and content. This joint proposal was compliant.
 

 Recently, in
 
 Attorneys’ Title Insurance Fund, Inc. v. Gorka,
 
 36 So.3d 646, 648 (Fla.2010), our supreme court found an offer made to joint offerees invalid because it required the acceptance by both. In doing so, the court articulated the policy behind its decision — the offeree must be able to independently control the acceptance of the offer.
 

 
 *72
 
 “[W]hen a plaintiff serves a proposal of settlement to multiple defendants, each defendant is entitled to evaluate the proposal and ‘should be able to settle the suit knowing the extent of his or her financial responsibility.’ ”
 
 Attorneys’ Title [Ins. Fund, Inc. v. Gorka],
 
 989 So.2d 1210, 1213 (Fla. 2d DCA 2008) [ (quoting
 
 Lamb [v. Matetzschk],
 
 906 So.2d 1037, 1040 (Fla.2005)) ]. Conversely, a defendant must differentiate an offer of judgment or a proposal of settlement to multiple plaintiffs such that each party can independently evaluate and act upon the offer or proposal. Therefore, a proposal that conditions acceptance upon the mutual agreement of both parties and prohibits either party from independently evaluating and accepting the amount offered violates these principles.
 

 Id.
 
 at 651 (additional internal citations omitted) (emphasis added). Here, the plaintiff maintained the ability to independently evaluate and act upon the proposal. The plaintiffs decision was not dependent upon the evaluation and acceptance of another offeree. For this reason, the joint proposal did not run afoul of
 
 Gorka.
 

 The joint proposal was unambiguous, made in good faith, and stated the amount and terms attributable to each party. An award of attorney’s fees is mandatory when the statutory prerequisites have been met.
 
 Schmidt v. Fortner,
 
 629 So.2d 1036, 1040 (Fla. 4th DCA 1993). Having met the statutory prerequisites, the employer is entitled to fees. We therefore reverse and remand the case to the trial court for an award of fees to the employer.
 

 Reversed and Remanded.
 

 WARNER and TAYLOR, JJ., concur.