PER CURIAM.
In this appeal, Arrowood Indemnity Company (“Arrowood”) raises one issue: whether the trial court erred in determining that Arrowood’s $1000 proposal for settlement did not meet the good faith requirement of the offer of judgment statute. Arrowood argues that the trial court incorrectly applied a wholly objective standard to determine the good faith of its offer, rather than looking at the subjective motivations and beliefs of the offeror. We agree and, therefore, reverse and remand for further proceedings.
In 2001, appellees, Acosta, Inc. and Acosta Sales, LLC (“Acosta”), were sued by a competitor for turnover. The turnover suit was resolved in 2001 by agreement of the parties without any formal adjudication. Acosta’s primary directors’ and officers’ liability insurance was a $10 million policy from National Union Fire Insurance Company. Acosta also purchased a $10 million policy of excess directors’ and officers’ liability insurance from the appellant, Arrowood. In its application for coverage, Acosta failed to disclose the turnover suit to Arrowood.
In 2004, Acosta was named as a defendant in an action filed by its competitor’s creditors (the underlying suit). Both National Union and Arrowood refused to defend Acosta in the underlying suit, so Acosta paid for its own defense and ultimately settled the case. In November 2006, Acosta sued Arrowood and National Union, arguing that the insurers had a duty to defend and indemnify Acosta in the underlying suit.
On September 2, 2008, Arrowood filed a motion for summary judgment, asserting several affirmative defenses, including that Acosta failed to disclose the turnover suit and that Arrowood’s duty as the excess carrier never arose because Acosta’s primary policy with National Union was not exhausted. Arrowood made an oral settlement offer of $50,000 to which Acosta responded by indicating it would accept $1 million. On October 20, 2008, Arrowood made a $1,000 offer of judgment which Acosta also rejected. The trial court entered summary judgment in favor of Arro-wood in December 2008. The final judgment, entered in May 2009, was affirmed on appeal. Acosta, Inc. v. Nat’l Union Fire Ins. Co., 39 So.3d 565 (Fla. 1st DCA 2010).
After prevailing on its motion for summary judgment in the underlying case, Arrowood moved for fees pursuant to section 768.79(7)(a), Florida Statutes, the offer of judgment statute. In denying Arro-wood’s motion, the trial court found that the offer was not made in good faith, expressly stating that it was applying “an objective standard” to determine the issue, citing two factors: the disparity between the $10 million in potential liability Arro-wood faced and the $1,000 offer of judgment, and the court’s belief that the case raised complex legal issues. At the hearing on the fee motion, the trial court stated,
I think [the] determination by the trial court [is] whether or not the offer indeed was made in good faith. While [Arrowood] has made an explanation, and it may consist [of] some subjective beliefs, I think the court has to look at it objectively to determine whether or not, in fact, there has been a good faith settlement offer.
To me in this case it’s not even close. I mean, the fact that the amount of the exposure — I know that in and of itself is not the basis to determine whether or not it is a good faith offer — ... whether or not you’re looking at 5 million, 8 million, or 1 million, an offer of $1,000 or *289 1500 or 25, those type[s] of offers of settlement just are not appropriate....
Well this was a case involv[ing] — maybe there are other issues, but ... this [case] had a lot of — of questionable issues that the court as well as the parties spent a lot of time [considering] ... and certainly the time and consideration was given. $1500 is just totally unreasonable, and the court finds that it was not made in good faith; therefore, I’ll deny the claim for attorney’s fees.
In its written order denying Arrowood’s motion for fees, the trial court provided,
This Court will apply an objective standard to determine whether or not the offer was made in good faith.
Based upon the amount of potential exposure to Arrowood Indemnity Company, this Court finds that the offer was not made in good faith. Furthermore, the legal issues decided at the summary judgment hearing were not clear-cut.
We find that the trial court erred by applying a wholly objective standard to determine whether Arrowood’s offer was made in good faith.
A trial court may decline to award attorney’s fees if it finds the offeror did not make its offer of judgment in good faith. § 768.79(7)(a), Fla. Stat. Whether the offeror has good faith rests on whether the offeror has a reasonable foundation on which to base the offer. City of Neptune Beach v. Smith, 740 So.2d 25, 27 (Fla. 1st DCA 1999) (citing Schmidt v. Fortner, 629 So.2d 1036 (Fla. 4th DCA 1993)). “[S]o long as the offeror has a basis in known or reasonably believed fact to conclude that the offer is justifiable, the good faith requirement has been satisfied.” Dep’t of Highway Safety & Motor Vehicles v. Weinstein, 747 So.2d 1019, 1021 (Fla. 3d DCA 1999).
In the context of a nominal offer of judgment, this court has held that where the offeror has a reasonable basis to believe that exposure to liability is minimal, a nominal offer is appropriate. Zachem v. Paradigm Properties Mgmt. Team, Inc., 867 So.2d 1263 (Fla. 1st DCA 2004); City of Neptune Beach, 740 So.2d at 27 (“[T]he obligation of good faith merely insists that the offeror have some reasonable foundation upon which to base an offer.” (quoting Schmidt, 629 So.2d at 1039)). But see Sharaby v. KLV Gems Co., Inc., 45 So.3d 560 (Fla. 4th DCA 2010) (holding that a reasonable basis for a nominal offer exists only where the undisputed record strongly indicates that offeror had no exposure in the case).
Whether the offeror has a reasonable basis to support the offer is “determined solely by the subjective motivations and beliefs of the offeror.” Wagner v. Brandeberry, 761 So.2d 443, 446 (Fla. 2d DCA 2000); Weinstein, 747 So.2d at 1021. In making this determination, the trial court is not restricted to the testimony of the offeror attesting to good faith; rather, the court may properly consider objective evidence of facts and circumstances that suggest whether the offeror made the offer with subjective good faith. Gurney v. State Farm Mut. Auto. Ins. Co., 889 So.2d 97, 99 (Fla. 5th DCA 2004). Several types of objective evidence have been found relevant to a finding of good faith. See, e.g., City of Neptune Beach v. Smith, 740 So.2d 25, 27 (Fla. 1st DCA 1999) (holding that relevant objective factors include amount of each offer and potential liability offeror faced at time offer was made); Fox v. McCaw Cellular Commc’ns of Florida, Inc., 745 So.2d 330, 333 (Fla. 4th DCA 1998) (holding that the trial court may consider the totality of the whole case record when determining whether good faith was present).
*290 Although the trial court here properly considered objective factors in assessing the reasonableness of Arrowood’s offer (ie.g., the amount of the offer, Arrowood’s potential exposure, and the complexity and closeness of the case), the court erred by not giving any consideration to Arrowood’s justification for its offer and by basing its ruling exclusively on the objective factors. Rather, the trial court was required to consider Arrowood’s explanation and then determine whether, despite consideration of the objective factors cited by the court, Arrowood had a subjectively reasonable belief on which to base its offer.
Accordingly, we reverse and remand for the trial court to apply the proper standard and provide specific findings as to whether Arrowood had a reasonable foundation upon which to base its $1000 offer of judgment.
BENTON, C.J., WETHERELL, and ROWE, JJ., concur.