# Third District Court of Appeal

## State of Florida

Opinion filed May 11, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-86
Lower Tribunal No. 12-5914
_____


**Manuel Diaz Farms, Inc.,**
Appellant,

vs.

**William J. Delgado,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Spencer Eig, Judge.

Diaz Reus & Targ and Juan Ramirez, Jr.; Emilia Diaz Fox, for appellant.

Marko & Magolnick and Joel S. Magolnick; Willenken Wilson Loh & Delgado and William A. Delgado (Los Angeles, CA), for appellee.


Before ROTHENBERG, SALTER and SCALES, JJ.

SALTER, J.

Manuel Diaz Farms, Inc. ("MDF"), appeals an order denying its motion for attorney's fees and costs based on a proposal for settlement served pursuant to Florida Rule of Civil Procedure 1.442. We reverse and remand for the entry of an order determining the reasonable amount of MDF's attorney's fees and costs incurred in the circuit court lawsuit.

Facts and Procedural Background

The appellee, William J. Delgado, was the plaintiff below. Mr. Delgado filed a lawsuit against MDF in 2012, alleging breaches of a one-page "sales representative agreement" signed by the parties in 2011 and cancellable by either party upon ninety days' written notification. Mr. Delgado alleged that certain commissions remained due after cancellation of the agreement, while MDF asserted that Mr. Delgado had been paid in full. In its responsive pleading, MDF demanded trial by jury.

In mid-2013, MDF served Mr. Delgado with a written proposal for settlement pursuant to Rule 1.442 and section 768.79, Florida Statutes (2012). MDF proposed to resolve "[a]ll issues and claims for damages asserted against [MDF] as conveyed in [Mr. Delgado's] Complaint filed with respect to the above styled matter on February 15, 2012," for a payment of $1,000.00. As enumerated in Rule 1.442(c)(2), the MDF proposal also specified that: there were no nonmonetary terms; no amount was proposed to settle any claim for punitive

damages; no offer for Mr. Delgado's attorney's fees was included;[1] and the proposal "shall be deemed by [MDF] to be rejected unless accepted by delivery of a written notice of acceptance within thirty (30) days after service of the Proposal." No form of release was mentioned in, required by, or attached to, the MDF proposal.

Mr. Delgado did not accept the MDF proposal for settlement, which was deemed rejected pursuant to the terms of the proposal and Rule 1.442(f). In early 2014, the case was tried before a jury. Mr. Delgado obtained a verdict in the amount of $1.00. MDF's motion for an award of attorney's fees and costs under Rule 1.442 was nonetheless denied by the trial court "based on the fact that the subsequent amendment of the pleadings, a reopening of the pleadings after service of the proposal for settlement made a different case, mooted out the proposal." This appeal followed.

<u>Analysis</u>

Our review of the proposal for settlement and its compliance with Rule 1.442 and section 768.79 is de novo. <u>Oasis v. Espinoza</u>, 954 So. 2d 632, 634 (Fla. 3d DCA 2007).

Mr. Delgado's arguments and authority in support of the trial court's ruling are not persuasive. Mr. Delgado did not show, and the trial court did not find, that

---

[1] MDF's proposal noted that Mr. Delgado's request for attorney's fees in its complaint had been stricken (on MDF's motion) in an earlier court order.

3

the proposal for settlement was not made in good faith. It is undisputed that the proposal was timely when filed and served, and that it was rejected by Mr. Delgado. Mr. Delgado's argument that "the Proposal failed to properly address non-monetary relief, resulting in an impermissibly ambiguous proposal that was invalid as a matter of law," essentially complains that the proposal does not specify whether the claims would be resolved by full or partial release, dismissal, or any other means. This very argument was rejected, however, in Jacksonville Golfair, Inc. v. Grover, 988 So. 2d 1225, 1228 (Fla. 1st DCA 2008):

> Appellees argue that the settlement proposal did not include provisions describing how the specific claims would be dismissed, thus it required speculation on how the settlement would be procedurally consummated. We disagree. In Palm Beach Polo Holdings, Inc. v. Madsen, Sapp, Mena, Rodriguez & Co., 957 So. 2d 36 (Fla. 4th DCA 2007), the Fourth District found no ambiguity in a settlement proposal that sought to settle all pending claims in the case. The proposal in that case stated, "This offer, if accepted, will settle all pending claims in this action." Id. at 37. The offeree argued that this proposal was defective since it did not state whether, if accepted, the claims would be dismissed or whether the offeror would release the offeree. Id. The court rejected this argument, since section 768.79, Florida Statutes, and Florida Rule of Civil Procedure 1.442 do not require that a proposal contain this type of language. Id. at 38. The proposal contained clear language indicating that, if accepted, the settlement would have ended the litigation and disposed of all pending claims. Id. No further particularity was required as to how the claims would be settled.

The analysis in Jacksonville Golfair and in Palm Beach Polo Holdings is applicable to the proposal for settlement filed in the present case. The inclusion of terms regarding a release—the very mention (and form) of which has engendered

4

sufficient quibbling to jeopardize the efficacy of the fee-shifting rule and statute— is not required.

Finally, we address Mr. Delgado's argument, adopted by the trial court, that MDF's amendment to add affirmative defenses during the pendency of the proposal "mooted out the proposal for settlement." As support for such a proposition, Mr. Delgado cites a case decided long ago and far away, Thornall v. Crawford, 70 N.Y.S. 61 (N.Y. Sup. Ct. 1901). The opinion in that case addressed offers of judgment, not proposals for settlement, and turned on the fact that the plaintiff had "entirely abandoned the cause of action" that was the subject of an offer of judgment, adding a new cause of action and greatly increasing the sum in controversy. Id. at 62. The court held that these material modifications to the plaintiff's claim relieved the defendant of any obligation to accept the initial offer of judgment. The court concluded that the initial offer of judgment was rendered "nugatory" by the material modifications to the plaintiff's claim. Id. at 64.

In contrast, in the present case, MDF's proposal for settlement was for a fixed monetary amount to settle "all issues and claims for damages" in Mr. Delgado's complaint. Mr. Delgado did not amend the complaint or his claim for damages following the proposal. We find no basis in precedent, Rule 1.442, or section 768.79, to support Mr. Delgado's argument that his adversary's amendment

5

to its affirmative defenses somehow "moots" or otherwise vitiates a clear, timely, good faith, and straightforward proposal for settlement. To the contrary:

> The legislature created a property right to an award of attorney's fees where a party complies with section 768.79, Florida Statutes. Although it is true that the statute is in derogation of common law and must be strictly construed, <u>Willis Shaw Express, Inc. v. Hilyer Sod, Inc.</u>, 849 So. 2d 276, 278 (Fla. 2003), this rule of construction should not eviscerate the legislature's policy choice.

<u>Jacksonville Golfair</u>, 988 So. 2d at 1227.

Reversed and remanded to the trial court to fix the amount of reasonable attorney's fees compensable to MDF.